■ In the Matter of SANDRA I, Appellant, v HAROLD I, Respondent.— Appeal from an order of the Family Court, Rensselaer County, entered June 24, 1975, which denied petitioner's motion for an order dismissing the proceeding instituted by respondent to have a prior Family Court order terminated. The marriage of the parties was dissolved by a judgment of divorce on February 2, 1972 because of the cruel and inhuman treatment of petitioner by the respondent. The decree of divorce awarded petitioner, the mother, "sole custody of the infant issue of the marriage of the parties

hereto, *viz.,* Bradford * * * age 2 years", and also awarded her $60 weekly for the support and maintenance of herself and the child. Additionally, the decree provided that the Family Court was to have concurrent jurisdiction of support matters. By further order of the Family Court, dated September 7, 1973, the respondent was required to pay $50 per week for the support of his infant son. The respondent father seeks in this proceeding to modify the Family Court support order alleging that because of recently discovered evidence, he now knows that the infant, Bradford I, is not his son. He requests the Family Court to terminate its support order and "to confirm the lack of parental relationship between said Harold * * * and said Bradford". In respondent's words, he seeks to "disestablish" paternity. Petitioner moved for dismissal of the proceeding on the grounds that Family Court lacks jurisdiction over this type of proceeding; that the issue raised is barred by the doctrine of *res judicata;* that the respondent is guilty of laches and the proceeding is barred by the Statute of Limitations; and that it is also barred as a matter of public policy. The trial court denied the motion, and stayed further proceedings pending this appeal. Since we conclude that the Family Court has jurisdiction under article 4 of the Family Court Act, we need not consider the question of whether the father of the child may be permitted to institute a paternity proceeding under article 5 of the Family Court Act for the purpose of establishing that he is not the father. (See, also, L 1976, ch 665, § 6, eff Jan. 1, 1977.) The basis of respondent's application is to modify a prior order of the Family Court, which requires him to make payments for the support of the child, and to make a finding now upon newly discovered evidence that respondent is not the father of the child, and that, therefore, he can have no responsibility for the support of the child. It is clear that the Family Court has continuing jurisdiction over any proceeding brought to modify, set aside, or vacate any order it may have issued relating to support (Family Ct Act, § 451). The court is also empowered, within the scope of such jurisdiction, to order the mother, child, and respondent to submit to blood grouping tests to determine whether a respondent was the father of the child (Family Ct Act, § 418). Thus, the issue of legitimacy of a child born to a married woman may be raised by the respondent husband in a proceeding brought against him for support of the child, and may be considered and determined by the Family Court (see, e.g., *Hansom v Hansom,* 75 Misc 2d 3, 5; *Matter of Swift v Swift,* 65 Misc 2d 1014, 1018). Relying on the decretal paragraph wherein she was awarded custody of the *infant issue of the marriage of the parties hereto,* petitioner makes the additional argument that the decree of divorce is *res judicata* on the issue of paternity. Since we are not concerned here with the parties relitigating the same cause of action between themselves, in our view, a question of collateral estoppel rather than *res judicata* is presented (5 Weinstein-Korn-Miller, NY Civ Prac, par 5011.24). "It is a fundamental principle of jurisprudence that material facts or questions which were in issue in a former action, and were there admitted or judicially determined, are conclusively settled by a judgment rendered therein, and may not again be litigated in a subsequent action." (9 Carmody-Wait 2d, NY Prac, § 63:204, p 208.) The test of collateral estoppel has been stated as follows: "There are but two necessary requirements for the invocation of the doctrine of collateral estoppel. There must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and, second, there must have been a full and fair opportunity to contest the decision now said to be controlling." *(Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65, 71.) There can be no question that the issue of paternity

was decided in the divorce action when the specific finding was made that Bradford I was the "infant issue of the marriage". Such a finding was necessary and was required to be made on the issue of support which was before the Supreme Court for determination in the divorce action. Before an order of support could be made in that action, the court necessarily made a determination of paternity, as only a "parent" may be ordered to support his or her child (Domestic Relations Law, § 240; cf. Family Ct Act, § 413). We conclude, therefore, that the doctrine of collateral estoppel constitutes a complete bar to the maintenance of this proceeding in Family Court. However, respondent's right to further litigate the action between the parties in Supreme Court is not foreclosed by this decision. Order reversed, on the law and the facts, motion granted and respondent's petition dismissed, with costs to appellant. Koreman, P. J., Greenblott, Main, Larkin and Herlihy, JJ., concur.