■ JEANNE M., Appellant, v RICHARD G., Respondent, and SEAN M., Intervenor-Appellant. — In a proceeding for an upward modification of child support, the petitioner mother appeals from (1) an order of the Family Court, Rockland County (Stanger, J.), dated December 9, 1982, which granted the motion of Richard G. (Anonymous) (respondent) for a human leucocyte antigen (HLA) blood test to determine the paternity of Sean M. (Anonymous), the alleged second child of the marriage; (2) stated portions of an order of the same court, dated February 3, 1983, which, *inter alia,* reaffirmed its order dated December 9, 1982, and directed the termination of one half of respondent's support payments in the event of noncompliance with the ordered blood test; and (3) an order of the same court dated February 16, 1983, which, *inter alia,* granted the respondent's application to disaffirm a hearing examiner's recommendation that the weekly support payments to be made by the respondent be increased from $60 to $140 and instead increased the payment to $90 per week. Intervenor Sean M. (Anonymous) cross-appeals from so much of the order dated February 3, 1983 as denied that part of his motion which was to vacate the order dated December 9, 1982. Leave to appeal is hereby granted. Order dated December 9, 1982, reversed and order dated February 3, 1983, reversed, insofar as appealed from, on the law, without costs or disbursements, and application for HLA blood test denied. Order dated February 16, 1983, modified, on the facts, by increasing the award of weekly support payments to be made by the respondent from $90 to $105. As so modified, order affirmed, without costs or disbursements. There can be no question that the issue of paternity was decided in a prior divorce action and prior child support

proceedings. Before an order of support could be made, the court necessarily made a determination of paternity, as only a "parent" may be ordered to support his or her child (Domestic Relations Law, § 240; Family Ct Act, § 413). We conclude, therefore, that respondent is collaterally estopped from now raising the issue of his paternity and that the Family Court erred in ordering the HLA blood test (see *Matter of Montelone v Antia,* 60 AD2d 603; *Matter of Sandra I v Harold I,* 54 AD2d 1040). Furthermore, we find that the award of weekly support is insufficient to the extent indicated. The Family Court determined that $175 per week was needed for the support of the parties' two children. The support must be allocated to the parents on the basis of their ability to pay (Family Ct Act, § 413; *Matter of Carter v Carter,* 58 AD2d 438). In view of the relative annual salaries of the parties (respondent — $32,400/petitioner — $21,600), they should bear the responsibility for child support in the approximate ratio of 60%/40%, respectively. Accordingly, respondent is required to pay the amount of $105 per week. Damiani, J. P., Lazer, Thompson and Gulotta, JJ., concur.