■ In the Matter of LINDA NACEY, Respondent, v JAMES E. NACEY, II, Appellant.—Casey, J. Appeal, by permission, from an order of the Family Court of Greene County (Battisti, Jr., J.), entered February 15, 1985, which denied respondent's application for blood grouping tests.

Petitioner filed a support petition dated September 21, 1984. Contending that he is not the father of the child named in the support petition, respondent requested an order for blood grouping tests. Family Court denied the request and an order of support was thereafter entered. Respondent appeals by permission.

Pursuant to Family Court Act § 418, blood grouping tests may be ordered in a support proceeding at the discretion of Family Court (see, Matter of Department of Social Servs. v Thomas J. S., 100 AD2d 119, 126, appeal dismissed 63 NY2d 675). We find the record insufficiently developed to provide an adequate basis for Family Court to exercise its discretion.

The child was born February 8, 1970, and the birth certificate lists the parties as the natural parents. The parties were

married seven days later, on February 15, 1970. The marriage was annulled in October 1972 by a judgment which awarded petitioner custody of "the infant child of the parties hereto". Petitioner commenced a support proceeding in 1984 and respondent sought and obtained an order for blood grouping tests. The proceeding was dismissed as a result of petitioner's failure to comply with the order.

Family Court denied respondent's application for blood grouping tests in this subsequent support proceeding on the grounds that respondent was collaterally estopped from contesting paternity by the judgment of annulment and that an order directing blood tests at this time, 15 years after the child's birth, would violate public policy and work irreparable harm on the child. As to the collateral estoppel issue, it does not appear that a finding as to respondent's paternity was necessary in determining the award of custody. To be contrasted are those cases where the prior order or judgment contains an award of support against the parent who thereafter raises the issue of paternity (see, Jeanne M. v Richard G., 96 AD2d 549, appeal dismissed 61 NY2d 637; Matter of Sandra I v Harold I, 54 AD2d 1040). Turning to the second ground for Family Court's decision, the record contains no proof as to whether respondent, during the 15-year period since the child's birth, engaged in any conduct inconsistent with his current claim that he is not the father; nor is there any proof concerning the child or the potential impact on her emotional well-being. In these circumstances, we think the appropriate remedy is to remit the matter to Family Court for further development of the record for the purpose of establishing an adequate factual basis for the exercise of its discretion.

Decision withheld, and matter remitted to the Family Court of Greene County for further proceedings not inconsistent herewith. Mahoney, P. J., Kane, Casey, Weiss and Harvey, JJ., concur.