■ In the Matter of CYNTHIA A. KESTER, Respondent, v JOSEPH G. KESTER, Appellant.—Mikoll, J. Appeal from an order of the Family Court of Broome County (Ray, J.), entered March 28, 1988, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to direct respondent to pay for support of his children.

Petitioner and respondent were married in 1970. Two children were born of the marriage: Bernadette, on August 9, 1975, and Monica, on October 27, 1972. Petitioner commenced an action for divorce in July 1984. After trial, Supreme Court granted a divorce to petitioner. Following a separate trial, Supreme Court granted the parties joint custody of the children with primary residence with petitioner and liberal visitation rights to respondent. The issue of child support was then referred to Family Court.

After a hearing held in Family Court to determine whether petitioner was entitled to child support, the Hearing Examiner ruled that, in order for the children to have the standard of living they would have enjoyed had the family unit remained intact, respondent would have to contribute child support. The Hearing Examiner found that the living expenses of petitioner and the two children were $540 per week, two thirds (or $360) of which was attributable to the two children. The Hearing Examiner then ordered respondent to pay $150 per week for child support, with petitioner being responsible for the balance. Family Court affirmed the determination of the Hearing Examiner and this appeal ensued.

We affirm. We find no merit to respondent's contention that Family Court abused its discretion in awarding petitioner $150 per week for child support because the parties have joint custody of the children and he provides financial support while the children are with him. Pursuant to the judgment of divorce, respondent had to move out of the marital residence. He acquired another residence only about a block away to allow the children to visit his home on a regular basis. Respondent testified that the children come to his home on a daily basis and, while there, he feeds them. He also has spent money on clothing items for them and spends about $166 per month on their transportation. However, pursuant to the order of custody, petitioner is obligated to provide a home for the children and to attend to their day-to-day needs. The feeding of the children and the purchasing of clothing for them is, as the Hearing Examiner observed, "no more than would be expected of a loving caring father of his financial means".

It further appears that consideration was given to the fact that respondent provides financial support when the Hearing Examiner made the child support award. The evidence reveals that respondent's annual gross income of approximately $66,500 was more than twice as much as petitioner's annual income of $32,000. Yet respondent was only ordered to pay 42% of the children's support expenses. It also appears from the record that respondent's expenses for taxes, mortgage, utilities and financial contributions to the children were also considered. Thus, it appears that the Hearing Examiner, in allocating the child support payments, properly apportioned the costs of child support between petitioner and respondent in accordance with the parent's respective means and responsibilities (see, Polite v Polite, 127 AD2d 465, 466; see also, Matter of Kilcher v Knoll, 112 AD2d 670, 671-672, lv denied

66 NY2d 604; *Jeanne M. v Richard G.,* 96 AD2d 549, 550, *appeal dismissed* 61 NY2d 637).

Order affirmed, with costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.