■ In the Matter of ROBERT L. A., Appellant, v SHARON A. R., Respondent.—In a proceeding pursuant to Family Court Act article 4, inter alia, in effect to vacate a prior temporary order of support, for the return of support moneys previously paid, and to compel the mother and the child to submit to human leucocyte antigen blood tissue tests for the purpose of determining whether the petitioner is the father of the subject child, the appeal is from an order of the Family Court, Orange County (Bivona, J.), entered February 13, 1991, which, upon

denying his objections to the order of the same court (Mandell, H.E.), dated November 29, 1990, denied the application.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Orange County, for further proceedings pursuant to Family Court Act § 418.

The parties to this support proceeding were married on October 21, 1983. On December 5, 1984, while the parties were separated, but still married, the child that is the subject of this proceeding was born. The parties were divorced six weeks after the child's birth.

The mother waited until the child was five years old before she commenced a proceeding for support in the Family Court, Orange County. The former husband was overseas in the armed services and requested a stay of all proceedings pursuant to the Soldiers' and Sailors' Relief Act (Military Law § 300 *et seq.*). The Hearing Examiner awarded temporary support of $57 per week until such time as the former husband returned from his overseas post and litigated the issues raised on the merits. The husband then filed objections to the Hearing Examiner's determination, alleging, *inter alia*, that a temporary order of support was not proper under the act and that, in any event, he was not the child's father. The Family Court denied the objections, and held that until the respondent "took such steps" as were required to rebut the presumption of legitimacy, it would be applied to justify temporary support.

The former husband then made an application to compel the mother and the child to submit to human leucocyte antigen blood tissue tests for the purpose of determining whether he was the father. He also demanded a refund of support moneys previously paid. The Hearing Examiner dismissed the petition, finding that the Family Court lacks jurisdiction to declare that a party is not the father of a child. The Family Court concurred in the decision of the Hearing Examiner and denied the former husband's objections. We now reverse.

The Family Court has continuing jurisdiction over any proceeding brought to modify, set aside, or vacate any order it may have issued relating to support (Family Ct Act § 451). Within the scope of its jurisdiction under Family Court Act article 4, the Family Court is expressly empowered to order blood genetic marker tests when paternity is contested (Family Ct Act § 418). The results of such testing may be received in evidence to aid in the determination of whether the alleged

father is or is not the father of the child (Family Ct Act § 418). Thus, a party may contest the issue of paternity in connection with a support proceeding and the Family Court has jurisdiction to direct blood genetic marker tests in the exercise of its discretion under Family Court Act § 418 *(see, Matter of Sandra I v Harold I,* 54 AD2d 1040, 1041). However, Family Court Act § 418 provides that blood testing shall not be ordered if there is "a written finding [of] the court that it is not in the child's best interests on the basis of res judicata, equitable estoppel or the presumption of legitimacy of a child born to a married woman" (Family Ct Act § 418 [a]). Here, the court erroneously concluded that it did not have jurisdiction. It did not consider the relevant factors germane to whether the blood testing should be compelled in the exercise of its discretion. Accordingly, we remit the matter to the Family Court so that it may make appropriate findings pursuant to Family Court Act § 418 *(see, Matter of Nacey v Nacey,* 116 AD2d 933; *see also, Golser v Golser,* 115 AD2d 695). Rosenblatt, J. P., Miller, Ritter and Pizzuto, JJ., concur.