OPINION OF THE COURT
George B. Ceresia, Jr., J.
In this proceeding under article 4 of the Family Court Act, *972 petitioner seeks support from respondent for Steven, age 7 months. Respondent in his answer admits that the parties are married and were so married during the period of Steven’s conception through birth. As an affirmative defense, and in the motion to be decided herein, respondent contests paternity, and seeks an order pursuant to section 418 (a) of the Family Court Act directing the parties and Steven to submit to HLA (human leucocyte antigen) blood tests to exclude or help determine paternity.
In support of his motion, respondent submits an affidavit alleging that during the time period of Steven’s conception, respondent’s sexual contact with petitioner was "extremely limited”, and that petitioner was having an admitted affair at the time with a person respondent describes and whose identity respondent knows and is willing to divulge to the court. Respondent further contends that a member of petitioner’s family had advised him that Steven was not his child, and that petitioner admitted to respondent that she did not know if Steven was his child.
In reply to respondent’s motion, both petitioner and the Law Guardian have submitted memorandums of law, but neither has submitted any opposition affidavits or documents.
Critical to the decision herein is the interpretation of section 418 (a) of the Family Court Act. To this end, there appears to be no case law directly on point since section 418 (a) underwent legislative revision in 1990.
The amended portion of Family Court Act § 418 reads as follows: "(a) The court, on its own motion or motion of any party, when paternity is contested, shall order the mother, the child and the alleged father to submit to one or more blood genetic marker tests by a duly qualified physician or by a laboratory duly approved for this purpose by the commissioner of health to determine whether or not the alleged father can be excluded as being the father of the child. No such test shall be ordered, however, upon a written finding by the court that it is not in the best interests of the child on the basis of res judicata, equitable estoppel or the presumption of legitimacy of a child born to a married woman.”
Prior to 1990, section 418’s language stated the court "may order” the blood tests, thus making the order discretionary with the court (Matter of Schneider v Schneider, 72 Misc 2d 423). Accordingly, the 1990 change of language providing that the court "shall order” the blood tests, clearly made the order *973 mandatory. (Legis Mem, Mem of State Dept of Social Servs, 1990 McKinney’s Session Laws of NY, at 2504.)
Traditionally, there has been a distinction between support proceedings (Family Ct Act art 4) where granting a blood test order was discretionary, and paternity proceedings (Family Ct Act art 5) where it was mandatory (Matter of Virginia E.E. v Alberto S.P., 108 Misc 2d 565; Family Ct Act § 532 [a]; § 418 [a] [pre-1990]). Lest that distinction be lost, the Legislature in the 1990 amendment placed discretion in the court to deny blood tests when it found such tests to be "not in the best interests of the child on the basis of res judicata, equitable estoppel or the presumption of legitimacy of a child born to a married woman” (Family Ct Act § 418 [a]).
Yet, while the distinction remained, the clear impact of the amendment language was to shift the ultimate burden on the section 418 motion (Besharov, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 418, at 34). Consequently, once a movant avers sufficient facts to meet the burden of going forward, the burden of establishing proof sufficient for the court to exercise discretion to deny blood tests shifts to the party objecting to the tests.
In the instant case, the petitioner and Law Guardian seek to have the court deny the motion on the basis of equitable estoppel and presumption of legitimacy, but have filed no factual affidavits in support thereof.
The memoranda of the parties objecting to the test urge the court to deny the motion based on the rule most prominently enunciated in Matter of Findlay (253 NY 1). Findlay referred to the presumption of legitimacy as "one of the strongest and most persuasive known to law * * * and yet subject to the sway of reason” (supra, at 7). Well before the 1990 amendment of section 418 (a), the courts and the Legislature recognized that reason could be swayed through the discretionary use of reliable, scientific blood tests (Matter of Sandra I. v Harold I, 54 AD2d 1040; Matter of Beaudoin v Tilley, 110 Misc 2d 696; Family Ct Act §§ 418, 532). Now with the 1990 amendment, a respondent has a vested right to such blood tests subject only to divestment in the court’s discretion if it is proven not to be in the child’s best interests on one of the three enumerated bases.
Moreover, it is recognized that use of blood test results is one way of overcoming the presumption of paternity (Matter of Sandra I. v Harold I, supra, at 1041). Thus, it stands to *974 reason that the amount of proof needed to overcome the presumption of legitimacy for the ordering of blood tests would be less than would be needed to overcome the presumption at the final hearing on the issue.
Upon the court’s review of the respondent’s affidavit (Matter of Robert L.A. v Sharon A.R., 185 AD2d 977), the court concludes that the paternity issue raised cannot be categorized as a mere suspicion (Anonymous v Anonymous, 1 AD2d 312, 318) and respondent has met his burden of going forward. Since no factual affidavits were submitted by petitioner or the infant, the burden imposed by Family Court Act § 418 (a) on those objecting to the tests has not been met.
Accordingly, blood tests of the parties and the child are ordered. Further, the court finds the respondent financially able to pay for the tests and directs that he pay the entire cost.