In the Matter of the Estate of JOHN W. SCOFIELD, Deceased. NORA SCOFIELD, Respondent; BRUCE SCOFIELD et al., Appellants, et al., Respondents. [673 NYS2d 959] —Order unanimously affirmed with costs for reasons stated in decision at Genesee County Surrogate's Court, Noonan, S. (Appeal from Order of Genesee County Surrogate's Court, Noonan, S.—Jury Trial Demand.) Present—Pine, J. P., Lawton, Wisner, Callahan and Fallon, JJ.

 In the Matter of TIMOTHY J. T., Appellant, v KAREN J. H., Respondent. [673 NYS2d 989] —Order unanimously affirmed without costs. Memorandum: The record establishes that petitioner was the defendant in a divorce action in Supreme Court and that, in a verified answer therein, he denied the allegation of respondent that he was the father of her child. The parties entered into a stipulation of settlement pursuant to which respondent withdrew her allegation, and the stipulation was incorporated in the divorce decree. The issue of paternity was resolved in the divorce action in accordance with the position petitioner took in his sworn answer in that action, and he had a full and fair opportunity to contest the issue. Thus, Family Court properly determined that petitioner is collaterally estopped from maintaining a paternity proceeding against respondent (*see, Matter of Sandra I v Harold I,* 54 AD2d 1040, 1041-1042; *see generally, Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65, 71). (Appeal from Order of Wayne County Family Court, Parenti, J.—Paternity.) Present—Pine, J. P., Lawton, Wisner, Callahan and Fallon, JJ.

 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT DAVIDSON, Appellant. [674 NYS2d 594] —Judgment unanimously affirmed. Memorandum: County Court properly denied without a hearing defendant's challenge to the panel of prospective jurors (*see,* CPL 270.10). The affirmation of defense counsel fails to set forth sufficient facts to substantiate defendant's contention that the jury selection process in Cayuga County resulted in the systematic exclusion of African Americans (*see, People v Grant,* 226 AD2d 1092, 1093, *lv denied* 89 NY2d 864; *People v Mitchell,* 155 AD2d 695, *lv denied* 75 NY2d 815; *People v Liberty,* 67 AD2d 776, 777, *lv denied* 46 NY2d 1081). Defendant's sentence is neither unduly harsh nor severe. (Appeal from Judgment of Cayuga County Court, Corning, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Lawton, J. P., Hayes, Pigott, Jr., Boehm and Fallon, JJ.