Appeal from a judgment of Supreme Court, Monroe County (Wisner, J.), entered December 17, 1996, convicting defendant after a jury trial of, inter alia, murder in the second degree (two counts).
*1018 It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him of murder in the second degree (two counts) (Penal Law § 125.25 [1], [3]), attempted murder in the first degree (§§ 110.00, 125.27 [1] [a] [vii]), and robbery in the first degree (§ 160.15). Defendant was sentenced to concurrent and consecutive indeterminate terms of incarceration aggregating 37x/2 years to life.
Defendant has failed to preserve for our review his contention that reversal is required based on Supreme Court’s failure to respond promptly to a jury note (see People v Johnson, 289 AD2d 1008, 1009 [2001], lv denied 97 NY2d 756 [2002]; People v Schojan, 272 AD2d 932, 934 [2000], lv denied 95 NY2d 871 [2000]; see generally People v Starling, 85 NY2d 509, 516 [1995]; People v DeRosario, 81 NY2d 801, 803 [1993]). In any event, there is no merit to that contention, inasmuch as the court complied in all material respects with the procedures set forth in CPL 310.30 and in People v O’Rama (78 NY2d 270, 277-278 [1991]; see Schojan, 272 AD2d at 934). Moreover, defendant was not prejudiced by any delay in the court’s response to the jury note. The requested document had not been admitted in evidence and thus could not have been provided to the jury irrespective of the timing of the court’s response.
The decedent’s statement to a prosecution witness was properly admitted in evidence under the present sense impression exception to the hearsay rule (see People v Vasquez, 88 NY2d 561, 574-575 [1996]; People v Buie, 86 NY2d 501, 503 [1995]; People v Brown, 80 NY2d 729, 732-733 [1993]). There was sufficient corroboration, by means of independent proof, of both the contemporaneity and reliability of the out-of-court declaration (see Vasquez, 88 NY2d at 575; Brown, 80 NY2d at 734, 737).
The court did not err in allowing the surviving shooting victim to identify defendant in court. That identification was not shown to have been tainted by any unnecessarily suggestive police-arranged identification procedure (see People v Chipp, 75 NY2d 327, 336 [1990], cert denied 498 US 833 [1990]). In any event, the court properly determined that the surviving victim had an independent basis for his in-court identification of defendant as the shooter (see People v Spirles, 294 AD2d 810, 811 [2002], lv denied 98 NY2d 713, 99 NY2d 540 [2002]; People v Grimes, 289 AD2d 1072 [2001], lv denied 97 NY2d 755 [2002]; see generally People v Adams, 53 NY2d 241, 251 [1981]). Moreover, the victim’s viewing of the videotape depicting defendant, which *1019 was initially accomplished without the involvement of police, was not an identification procedure requiring notice pursuant to CPL 710.30 (see generally People v Gee, 99 NY2d 158,162 [2002]; People v Herner, 85 NY2d 877, 879 [1995]).
The verdict is not against the weight of the evidence on the issue of defendant’s identity as the shooter (see People v Rutlen, 289 AD2d 1061, 1062 [2001], lv denied 98 NY2d 713; People v Epps, 284 AD2d 996, 996-997 [2001]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Defendant’s motion challenging the make-up of the entire jury panel was properly denied without a hearing (see People v McFadden, 244 AD2d 887, 889 [1997]; see also People v Davidson, 251 AD2d 1036 [1998]). Defendant’s motion papers failed to set forth sufficient facts substantiating the contention that a substantial and identifiable segment of the community was not included in the jury pool as a result of intentional discrimination or a systematic exclusion of that group (see People v Williams, 256 AD2d 661, 663 [1998], lv denied 93 NY2d 981 [1999]; Davidson, 251 AD2d 1036 [1998]; McFadden, 244 AD2d at 889, lv denied 97 NY2d 757 [2002]; see generally People v Guzman, 60 NY2d 403, 410-411 [1983], cert denied 466 US 951 [1984]). The sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Green, Scudder, Kehoe and Hayes, JJ.