■ In the Matter of MELISSA S., Respondent, v FREDERICK T., Appellant. [777 NYS2d 774]—

Kane, J. Appeal from an order of the Family Court of Sullivan County (Ledina, J.), entered April 16, 2003, which, inter alia, in a proceeding pursuant to Family Ct Act article 4, denied respondent's motion for summary judgment declaring that he is not the father of a child born to petitioner.

The parties were married in 1997. Petitioner gave birth to the subject child in January 1998. Apparently, petitioner filed for child support from respondent and obtained such an order in May 1998, which was modified in March 1999 and January 2000. The parties obtained a divorce in March 2000.* After petitioner filed the instant modification petition in May 2002, respondent denied paternity and moved for a genetic marker test (*see* Family Ct Act § 418). The Support Magistrate determined that notwithstanding the child's birth in wedlock, a genetic marker test was warranted to resolve paternity. A test was ordered and the results showed that respondent was not the child's biological father. The matter was transferred to Family Court, where respondent moved for summary judgment declaring that he is not the child's father and relieving him of related obligations. Neither petitioner nor the Law Guardian opposed the motion. Family Court, however, denied the motion and instead granted petitioner partial summary judgment by dismissing, on collateral estoppel grounds, respondent's defense that he is not the father.

---

* None of the prior support orders or the divorce decree is contained in the record on appeal. Family Court noted that it reviewed its file, which contained the prior support orders, so those orders should have been included in the record. As no one contests the existence or substance of those orders, we decide this case without reviewing them.

Respondent was collaterally estopped from contesting paternity. A finding of paternity, while perhaps not expressly made, was necessary before the courts could have made prior orders of support, as only a parent may be ordered to support a child (*see* Domestic Relations Law § 240; Family Ct Act § 413; *Jeanne M. v Richard G.*, 96 AD2d 549, 550 [1983], *appeals dismissed* 60 NY2d 858 [1983], 61 NY2d 637 [1983]; *Matter of Sandra I. v Harold I.*, 54 AD2d 1040, 1042 [1976]; *see also Matter of Nacey v Nacey*, 116 AD2d 933, 934 [1986]). Here, courts issued three or four prior decrees or orders of support regarding this child and these parties. The Support Magistrate noted that on a prior support petition, respondent raised a paternity defense which he withdrew when informed of the cost for genetic testing. By withdrawing his defense at that time, respondent relinquished his full and fair opportunity to litigate that matter, which was necessarily decided and which he now contests. Thus, he is collaterally estopped from raising paternity as a defense at this point (*see Matter of Sandra I. v Harold I., supra* at 1041). Although the estoppel issue should have been resolved prior to genetic testing being ordered, the fact that such testing occurred did not bar the court from deciding the estoppel issue thereafter (*see Matter of Richard W. v Roberta Y.*, 240 AD2d 812, 814 [1997], *lv denied* 90 NY2d 809 [1997]).

Cardona, P.J., Mercure, Crew III and Peters, JJ., concur. Ordered that the order is affirmed, without costs.