Matter of S.T.W. v L.L.J. (2005 NY Slip Op 51300(U))

[*1]

Matter of S.T.W. v L.L.J.

2005 NY Slip Op 51300(U)

Decided on July 28, 2005

Family Court, Onondaga County

Hanuszczak, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 28, 2005

Family Court, Onondaga County
In the Matter of S.T.W., Petitioner, v L.L.J., Respondent.
P-XXXXX-04

Petitioner, pro se. Martin C. Collins, Esq., for respondent.

Michael L. Hanuszczak, J.
On November 22, 2004, the petitioner, who lives in Sebring, Florida, filed a Uniform Support Petition under the Uniform Interstate Family Support Act (UIFSA) in which she sought an order of child support and an order establishing paternity for the subject child C.J., whose date of birth is July 15, 1993 and who is now 12 years old.
In her sworn and verified petition, the petitioner stated that she and the respondent were married from October, 1988 until May, 1994 and that they were divorced in the State of Georgia on May 19, 1994. She stated the subject child was born during her marriage to the respondent.
The petitioner attached a copy of the Final Judgment and Decree, dated May 19, 1994, in the matrimonial action between the respondent and herself. The divorce decree incorporated the parties' Separation Agreement and made the Separation Agreement a part of the divorce decree.
Paragraph 13 of the parties' Separation Agreement, recites the following:

"The parties acknowledge that the child, C. J.[full name redacted], a male born on July 15, 1993, was born during the course of this marriage and both parties agree and acknowledge that said child is not the progeny or issue of the plaintiff. The defendant refuses to disclose the father's name but admits that the father is not the plaintiff."
The initial appearance on the current proceeding was held on January 20, 2005 before the Hon. William J. Burke, acting as a Judicial Hearing Officer. The respondent entered a denial to the petition and, after the attorney for the respondent moved to dismiss the petition based upon the legal doctrine of equitable estoppel, Judge Burke referred the matter to this Part.
At the March 11, 2005 Court appearance, the attorney for the respondent renewed his motion to dismiss the petition, stating that his client has had no contact with the child since the parties' divorce in 1994 and that the child's mother has always told him that the subject child was not his biological child. At that time, the attorney for the respondent requested that a DNA test be conducted. At a subsequent Court date, the attorney for the respondent withdrew his request for DNA testing and requested a trial date at which time he would put the equitable estoppel issue before the Court.
On July 19, 2005 and at the request of the attorney for the respondent, the Court signed an Amended Order To Show Cause directing the petitioner to show cause why an order should not be made precluding her from giving evidence in this matter since she had not complied with the demand for a Bill of Particulars served upon her by the respondent's attorney and for an order granting an award of attorney fees in connection with the request for Court intervention.
[*2]
At the outset, the Court would like the record to reflect that there have been multiple adjournments of Court appearance dates at the request for the respondent's attorney due to his participation in other trials. In the interests of judicial efficiency, the Court intends to use today's Court appearance to hear the arguments on the underlying issue of estoppel as well as to decide on the respondent's recent request for relief in connection with the demand for a Bill of Particulars.
In his motion to sanction the petitioner for failure to respond in a timely fashion to his demand for a Bill of Particulars, the respondent's attorney stated the petitioner's responses in the Bill of Particulars were defective and untimely. He is seeking an order precluding the petitioner from offering any evidence at trial of any subject matter contained in the Bill of Particulars.
In his motion for an order dismissing the petition, the respondent's attorney argues that the petitioner should be collaterally estopped from asserting that the respondent is the father of the subject child since she executed an Opting Out Agreement stating that the respondent was not the father and that the Opting Out Agreement was incorporated and not merged into the parties' Judgement of Divorce.
The attorney for the respondent also moved to dismiss the mother's petition based on the legal doctrine of equitable estoppel. The attorney stated that more than ten years have elapsed since the determination of the parties' divorce decree that the respondent is not the father of the subject child and in that time his client has had no contact with the subject child. He argued that it would be unfair to permit the petitioner to bring up this issue.
The petitioner stated that she engaged in an extramarital affair during the time that the respondent, who was then her husband, was serving in the Gulf War with the military. The petitioner further stated that she told the respondent about the affair and that he would not accept her apology and, further, denied being the father of the subject child. The petitioner stated that the respondent wanted a DNA test but that the test was never conducted because she refused to allow the respondent to take the child for testing unless she could be present. The petitioner stated that she did have sexual intercourse with the respondent during the time that the subject child was conceived and that she has approached the respondent time after time about the issue of paternity. The petitioner argued that she did not have a lawyer at the time she signed the Separation Agreement in 1993 and that it is not fair to penalize the subject child for her mistake. She stated that she was immature when she signed the Separation Agreement and, even then, did not agree with what she was signing. Furthermore, the petitioner stated that it was the respondent's own choice to have nothing to do with the subject child.
The attorney for the respondent read a portion of the Separation Agreement into the record wherein the petitioner was advised of her right to an attorney and also advised of the legally binding nature of the document. He stated that there is no claim that the petitioner was coerced into signing the Separation Agreement.
There is no dispute among the parties about the underlying facts in this case. The petitioner's 12-year-old son was born during her marriage to the respondent. However, when the parties executed their Separation Agreement in 1993, they recited in that Agreement that the respondent was not the father of the child. That Agreement, together with that recital of non-paternity, was later incorporated into their 1994 divorce decree. The respondent has not seen or heard from the child for over 11 years.
[*3]
Soon after the divorce, the petitioner married a person who has held himself out to be the father of the subject child. It is the Court's understanding from the petition that the petitioner and this man have recently separated and that this man has recently taken a DNA test purporting to show that he is not the biological father of the subject child.
Based upon a review of the pleadings and papers before the Court and the oral arguments heard today, the respondent's motion to dismiss this petition is granted based upon the legal doctrines of collateral estoppel and equitable estoppel.
The issue of paternity for this subject child was resolved in the parties' 1994 divorce since the issues relating to children born during a marriage are of necessity decided during a matrimonial action. Here, the parties' judgment of divorce incorporated and adopted the provisions of their Separation Agreement. That judgment becomes the law of the case with respect to the issue of paternity between the respondent and this child.
In 1993, the petitioner adopted the position that the respondent was not the father of this child; she executed a Separation Agreement in which she stated that he was not the father of this child; she had the opportunity to contest the matter during the divorce but she chose not to do so; therefore, the matrimonial judge concluded that the respondent was not the father of this child.
Therefore, there is a court ruling in effect which states that the respondent is not the father of this child. The petitioner may not now come forward and ask this court to undo that court ruling. Although the petitioner may not have fully understood the importance of the Separation Agreement that she executed in 1993, she has made no allegations sufficient to overcome the validity of the document. Therefore, the petitioner is collaterally estopped from changing her position with respect to the issue of the respondent's paternity as a matter of law. Timothy J.T. v. Karen J.H., 251 AD2d 1036; Krause v. Krause, 233 AD2d 697; Jeanne M. v. Richard G., 96 AD2d 549.
The respondent has also invoked the legal doctrine of equitable estoppel. He argues that the petitioner adopted a position that he was not the father of this child and that she maintained this position for over 11 years. The respondent states that he has had absolutely no relationship with this child since the infancy of the child. The petitioner states that she did attempt to approach the respondent about the paternity of the subject child but that he would not agree with her position nor would he have anything to do with the subject child.
The doctrine of equitable estoppel concerns itself with fairness as it works to protect an individual who has been misled into acting in a certain way based upon the opposing party's words or conduct. In this case, the respondent has conducted his life for the past 11 years as though he were not the father of this child and as though he would never be called upon to assume responsibility for this child. His actions were based upon assurances by the petitioner that he was not the child's father. There is no allegation that the petitioner ever had any intent to mislead the respondent about the paternity of this child; in fact, she may well have made an innocent mistake as to the child's paternity. However, her intent is not at issue here. Because the petitioner adopted the position for the last 11 years that the respondent is not the father of this child, it would be fundamentally unfair for her now to come forward and demand that the respondent assume a parent's responsibility to the child. Lorie"F"v. Raymond "F,"239 AD2d 659.
The Court notes that the doctrine of equitable estoppel can be overcome if it is in the best [*4]interests of a child in a disputed paternity action. Cleophous P., Jr. v. Latrice M.R., 299 AD2d 936. However, the Court finds that it is not in the best interests of this child to go forward with DNA testing of the respondent based upon the fact that the subject child is 12 years old, has no relationship with the respondent, and does appear to have a long-standing relationship with the petitioner's current husband.
Accordingly, the respondent's motion to dismiss is granted and the petition for an order of child support and the establishment of paternity is dismissed with prejudice.
In view of this decision to dismiss, the Court denies as moot the respondent's motion to preclude the petitioner from presenting testimony and for an order of counsel fees.