## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:   July 10, 2014                    517437
_____

In the Matter of SUSAN UU.,
                        Appellant,

        v                                    MEMORANDUM AND ORDER

SCOTT VV.,
                        Respondent.
_____

Calendar Date:   May 29, 2014

Before:   Peters, P.J., Rose, Egan Jr., Lynch and Devine, JJ.

_____

        Moran & Gottlieb, Kingston (Andrea Moran of counsel), for appellant.

        Bousquet Holstein, PLLC, Syracuse (Victor L. Prial of counsel), for respondent.

        Daniel Gartenstein, Kingston, attorney for the child.

_____

Lynch, J.

        Appeal from an order of the Family Court of Ulster County (McGinty, J.), entered June 11, 2013, which, in a proceeding pursuant to Family Ct Act article 5, denied petitioner's motion to vacate a prior order of the court.

        Petitioner and Christopher H. married in 2000 and three children were born during the marriage, including Olivia H. (born in 2001).  They divorced in 2008 and, pursuant to the judgment of divorce, which incorporated without merging a stipulation of settlement, it was adjudged, among other things, that they have three children, including Olivia; they were given joint custody of the children, with primary physical custody with petitioner

and parenting time with Christopher H., who was ordered to pay child support for the children.  In 2012, petitioner commenced this paternity proceeding pursuant to Family Ct Act article 5 seeking, among other relief, a declaration that respondent is the biological father of Olivia, then 12 years old.[1]  Respondent moved to dismiss the paternity petition based upon, among other grounds, the collateral estoppel effect of the judgment of divorce[2] (see CPLR 3211 [a] [5]).  Petitioner did not respond to that motion, although Olivia's attorney opposed the requested relief.  Family Court granted respondent's motion based upon principles of collateral estoppel; no appeal was taken from that order.  Petitioner thereafter moved, pursuant to CPLR 5015 (a) (1), to vacate that order.  Family Court denied the motion, concluding that its prior order of dismissal of the paternity petition "was not issued on default but rather [was issued] on the merits."  Petitioner now appeals from the order denying her motion to vacate.

As an initial matter, respondent contends that petitioner may not appeal the denial of her motion to vacate the order dismissing her paternity petition since the dismissal order was decided on the merits, rather than on petitioner's default; accordingly, he contends, her only recourse was to appeal the order of dismissal, which she failed to do.  He further argues that the motion to vacate was a pretext in that it was in actuality a motion to reargue, the denial of which is not appealable.  We disagree with both contentions.

Having failed to respond in any manner to respondent's motion to dismiss, petitioner could not claim to be "aggrieved" by the ensuing order (CPLR 5511; see David D. Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5511:1 at 128).  As such, she was precluded from appealing the order of

---

[1]  Petitioner did not name Christopher H. as a party.

[2]  The children were represented by counsel in the divorce action (compare Matter of Elacqua v James EE., 203 AD2d 688, 689 [1994]).

dismissal on her default[3] and her sole remedy was to move to vacate the order entered upon her default (see CPLR 5015 [a] [1]; Matter of County of Albany [Bowles], 91 AD3d 1132, 1133 [2012]; M & C Bros., Inc. v Torum, 75 AD3d 869, 870 [2010]; Matter of Meghan H., 15 AD3d 802, 803 [2005], appeal dismissed 4 NY3d 845 [2005]; Matter of Ashley X., 200 AD2d 911, 911 [1994]). Thus, the order denying the motion to vacate is appealable by petitioner and Family Court should have addressed the merits of her motion to vacate the dismissal order. Since the record is sufficient to resolve the merits of petitioner's motion to vacate, on which all parties have been heard, we will address it in the interest of judicial economy (see Winney v County of Saratoga, 252 AD2d 882, 884 [1998]). Even assuming that petitioner's submissions on the motion demonstrate a reasonable excuse for her default, we find that she failed to demonstrate a meritorious defense to respondent's motion to dismiss. While "the quantum of proof needed to prevail on a [motion to vacate based upon excusable default] is less than that required when opposing a summary judgment motion" (Abel v Estate of Collins, 73 AD3d 1423, 1425 [2010]; see Dodge v Commander, 18 AD3d 943, 945 [2005]), petitioner still must set forth a "prima facie meritorious defense to the [motion to dismiss]" (Dodge v Commander, 18 AD3d at 946). That is, she was required "to set forth sufficient facts [or legal arguments] to demonstrate, on a prima facie basis, that a defense existed" (Matter of Toyota Motor Credit Corp. v Impressive Auto Ctr., Inc., 80 AD3d 861, 863 [2011]). This petitioner failed to do.

---

[3] Neither the fact that the attorney for the child opposed the motion to dismiss on the merits, nor the fact that Family Court addressed the merits of that motion, alters the appealability of that order by petitioner (see Britt v Buffalo Mun. Hous. Auth., 109 AD3d 1195, 1196 [2013]). To the extent that Manculich v Dependable Auto Sales & Serv., Inc. (39 AD3d 1070, 1071 [2007]) suggests that a party who defaults by failing to respond to a motion may directly appeal from the resulting order if it addresses the merits of the motion, it should not be followed.

        To invoke the doctrine of collateral estoppel as a defense to petitioner's paternity petition, respondent was required to establish "(1) . . . that an identical issue was necessarily decided in a prior action which is decisive of the present action, and (2) that the party to be precluded [here, petitioner,] must have had a full and fair opportunity to contest the prior decision said to be controlling" (Marotta v Hoy, 55 AD3d 1194, 1196 [2008]; see D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659, 664 [1990]).  We find that "[t]here can be no question that the [identical] issue of [Olivia's] paternity was decided in the [prior] divorce [judgment] when the specific finding was made" that she is the child of petitioner and Christopher H., petitioner's husband at the time of Olivia's birth and who is listed on her birth certificate as her father (Matter of Sandra I. v Harold I., 54 AD2d 1040, 1041-1042 [1976]; see Jeanne M. v Richard G., 96 AD2d 549, 549-550 [1983], appeals dismissed 60 NY2d 858, 61 NY2d 637 [1983]).[4]  Such a finding was a necessary prerequisite to the order of support, as only a parent may be ordered to pay support for his or her child (see Jeanne M. v Richard G., 96 AD2d at 550; Matter of Sandra I. v Harold I., 54 AD2d at 1041; see also Matter of Melissa S. v Frederick T., 8 AD3d 738, 739 [2004], lv dismissed 3 NY3d 688 [2004]; see generally Domestic Relations Law § 240; Family Ct Act

---

        [4]  We recognize that a child is authorized to initiate a paternity proceeding (see Family Ct Act § 522).  Given that the attorney for the child did not join in the mother's paternity petition or file a petition on behalf of the child, we decline counsel's request to "deem" the mother's petition "as being filed on behalf of the child."  Notably, the attorney for the child did not appeal from the order dismissing the paternity petition or the order denying petitioner's motion to vacate.  "Generally, an appellate court cannot grant affirmative relief to a nonappealing party unless it is necessary to do so in order to accord full relief to a party who has appealed" (Hecht v City of New York, 60 NY2d 57, 60 [1983]), which is not the case here.  In so holding, we have no occasion to expressly comment on whether the judgment of divorce has a collateral estoppel effect upon the child (compare Matter of Elacqua v James EE., 203 AD2d 688, 689 [1994]).

§ 413 [1] [a]; cf. Matter of Nacey v Nacey, 116 AD2d 933, 934 [1986]).

Although we are mindful that the judgment of divorce was premised upon a stipulation of settlement between the parties, we find that preclusion is appropriate. The Court of Appeals has held that "collateral estoppel effect will only be given to matters actually litigated and determined in a prior action" (Kaufman v Eli Lilly & Co., 65 NY2d 449, 456 [1985] [internal quotation marks and citation omitted]), and commented that "[a]n issue is not actually litigated if, for example, there has been a default, a confession of liability, a failure to place a matter in issue by proper pleading or even because of a stipulation" (id. at 456-457 [emphasis added]). However, it has been recognized that "[a] stipulation may . . . be binding in a subsequent action between the parties if the parties have manifested an intention to that effect" (Restatement [Second] of Judgments § 27, Comment e). Here, petitioner instituted the divorce action in which she pursued and obtained an award of custody and child support for Olivia pursuant to a stipulation of settlement placed on the record, and included in the judgment of divorce. By so doing, petitioner manifested her intention to resolve these issues, which are predicated on paternity, in the divorce action. In this context, the stipulation should be treated as conclusive (see Matter of Hua Fan v Wen Zong Yu, 91 AD3d 952, 952 [2012]; Matter of Timothy J.T. v Karen J.H., 251 AD2d 1036, 1036 [1998], appeal dismissed, lv denied 92 NY2d 891 [1998]).

Furthermore, respondent is entitled to assert collateral estoppel notwithstanding the fact that he was not a party to the divorce action, as "mutuality is not required" (Marotta v Hoy, 55 AD3d at 1196 n 3; see Gilberg v Barbieri, 53 NY2d 285, 291 [1981]; S.T. Grand, Inc. v City of New York, 32 NY2d 300, 304 [1973]; Schwartz v Public Adm'r of County of Bronx, 24 NY2d 65, 70-71 [1969]). With regard to the second prong of the collateral estoppal defense, petitioner must have had a full and fair opportunity to litigate the previously decided issue, and it was her burden, in order to defeat the application of collateral estoppel, to demonstrate that she did not have that opportunity (see D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d at

664).  Petitioner was represented by counsel in the divorce action, and she has not alleged any facts from which it could be concluded that she did not have the requisite full and fair opportunity to litigate this issue (cf. Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349-350 [1999]).  As such, petitioner has not demonstrated that a meritorious defense exists to respondent's motion to dismiss based upon the collateral estoppel effect – on the issue of Olivia's parentage – of the prior divorce judgment.  Given the foregoing, there was no basis upon which to order blood tests (see Matter of Timothy J.T. v Karen J.H., 251 AD2d 1036, 1036 [1998], appeal dismissed, lv denied 92 NY2d 891 [1998]; Jeanne M. v Richard G., 96 AD2d at 549-550; Matter of Sandra I. v Harold I., 54 AD2d at 1041; see also Matter of Melissa S. v Frederick T., 8 AD3d at 739).  Petitioner's remaining claims similarly lack merit.

Peters, P.J., Rose, Egan Jr. and Devine, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court