■ In the Matter of LOCKETT S., SR., Respondent, v ONYA S., Appellant. (Proceeding Nos. 1 and 2.) In the Matter of COMMISSIONER OF THE DEPARTMENT OF SOCIAL SERVICES, on Behalf of LOCKETT S., et al., Respondent, v ONYA S., Appellant. (Proceeding No. 3.) [669 NYS2d 248] —In two proceedings pursuant to Family Court Act article 5 to establish paternity and a related child protective proceeding pursuant to Family Court Act article 10, Onya S. appeals from (1) two orders of the Family Court, Queens County (Clark, J.), both dated May 23, 1991, entered in Proceeding Nos. 1 and 2, respectively, which, on the consent of the parties, declared the petitioner Lockett S., Sr., to be the father of Lockett S. and Lakiya S., respectively, and (2) an order of the same court (Lubow, J.), dated March 3, 1995, in Proceeding No. 3, which, sua sponte, prohibited the mother from filing any further petitions in the article 10 proceeding until January 1996.

Ordered that the appeals are dismissed, without costs or disbursements.

The appeals from the orders declaring the petitioner to be the father of the subject children must be dismissed as no appeal lies from an order entered on the consent of the appealing party (see, Baecher v Baecher, 95 AD2d 841). An order entered on consent is not appealable because a party who consents to an order is not aggrieved thereby (see, Matter of Hartnett v Hartnett, 242 AD2d 535; Matter of Commissioner of Social Servs. of City of N. Y. [Tabitha McC.], 202 AD2d 502; Goodman v Goodman, 150 AD2d 636).

The appeal from the order dated March 3, 1995, must be dismissed as academic because that order expired by its own terms on December 31, 1995 (see, Matter of Richard S., 242 AD2d 575; WJF Realty Corp. v Town of Southampton, 240 AD2d 657). Rosenblatt, J. P., Miller, Ritter and Copertino, JJ., concur.