■ In the Matter of DENISE JJ., Respondent, v AARON II., Appellant. [718 NYS2d 227] —Carpinello, J. Appeal from an order of the Family Court of Washington County (Berke, J.), entered September 27, 1999, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 5, to adjudicate respondent as the father of a child born to petitioner.

At issue in this proceeding is a September 27, 1999 order of filiation declaring respondent to be the father of a child born to Denise JJ. in 1998. Although petitioner was only seeking to establish paternity in the proceeding before Family Court, the order declared, in general terms, that respondent is responsible for "confinement and delivery expenses incurred for the birth of the child" and "the support of said child." To be sure, Family Court never actually determined the amount of those expenses nor did it apportion legal liability for the payment of same nor did it inquire as to whether respondent had the financial ability to pay such expenses, those issues not having been before it at that time. Respondent appeals, arguing that the court erred in ordering him to pay birth-related expenses.

The instant appeal must be dismissed since respondent cannot be considered an aggrieved party within the meaning of CPLR 5511. The order of filiation was rendered after respondent acknowledged paternity before Family Court; indeed, the order recites that respondent appeared in open court and admitted the allegations of the petition, a fact confirmed by the

transcript of the proceedings. Notably, respondent is not contending otherwise on appeal. "[A] fact-finding based on the respondent's admission is not appealable" (Besharov, 2000 Supp Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1112, 2000 Pocket Part, at 35). Thus, although the order might otherwise be appealable as of right because no child support or birth-related expenses were being sought by petitioner (cf., *Matter of Jane PP. v Paul QQ.*, 64 NY2d 15, 18), respondent is simply not aggrieved by it and the appeal must be dismissed on this ground (*see, Matter of Carmella J.*, 254 AD2d 70; *Matter of Commissioner of Dept. of Social Servs. [Lockett S.] v Onya S.*, 247 AD2d 622). Even if we were to assume that the petition could be construed as seeking birth-related expenses, dismissal of the instant appeal would still be warranted as the order would then be unappealable as a matter of right (*see*, Family Ct Act § 1112).

Mercure, J. P., Spain, Mugglin and Rose, JJ., concur. Ordered that the appeal is dismissed, without costs.