■ In the Matter of DAWN N., a Child Alleged to be Permanently Neglected. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL

SERVICES, Respondent; ROBERT N., Appellant. (And Three Other Related proceedings.) [771 NYS2d 738]—Rose, J. Appeals (1) from two orders of the Family Court of St. Lawrence County (Demarest, J.), entered August 15, 2002, which granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 10, for, inter alia, approval of a permanency plan and continuation of foster care for Dawn N. and Emily N., and (2) from four orders of said court, entered August 22, 2002 and September 24, 2002, which, inter alia, granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 10, to extend the placement and/or supervision of Curtis N. and Felicia N. and made orders of protection with regard to said children.

This Court previously reviewed and affirmed several Family Court orders that, among other things, adjudicated three of respondent's children neglected, terminated his parental rights as to two of his children, placed all four of his children in petitioner's custody and granted orders of protection prohibiting contact between respondent and his children (*see Matter of Curtis N.*, 302 AD2d 803 [2003], *lv dismissed* 100 NY2d 535 [2003]; *Matter of Curtis N.*, 302 AD2d 803 [2003], *lv denied* 100 NY2d 503 [2003]; *Matter of Curtis N.*, 290 AD2d 755 [2002], *lv dismissed* 97 NY2d 749 [2002]; *Matter of Curtis N.*, 288 AD2d 774 [2001], *lv denied* 97 NY2d 610 [2002]). In June 2002, petitioner applied to, among other things, continue the foster placements of respondent's four children and extend the orders of protection against respondent for the two children with whom he still has parental rights. With respondent's counseled consent and reserving his right to file future petitions for custody, visitation or adoption, Family Court granted each of petitioner's four applications. Respondent has appealed each order.

These appeals must be dismissed since respondent cannot be considered an aggrieved party within the meaning of CPLR 5511. Having consented to the orders issued by Family Court, respondent is simply not aggrieved and therefore has no grounds for appeal (*see Matter of Denise JJ. v Aaron II.*, 278 AD2d 548, 549 [2000]; *Matter of Oropallo v Tecler*, 263 AD2d 716, 718 [1999]; *Matter of Carmella J.*, 254 AD2d 70, 70 [1998]; *Matter of Lockett S. v Onya S.*, 247 AD2d 622, 622 [1998]).

Crew III, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the appeals are dismissed, without costs.