In the Matter of NICOLE MORRIS, Appellant, v LEONARD CIARAMITARO, Respondent. [787 NYS2d 184]—

Rose, J. Appeal from an order of the Family Court of Sullivan County (Ledina, J.), entered October 27, 2003, which partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for modification of a prior order of custody.

Under a 2001 court order based on the parties' stipulation, petitioner (hereinafter the mother) and respondent (hereinafter the father) had joint legal custody of their child with sole physical custody with the mother in New York and regular visitation with the father in Massachusetts. In 2002, after the child reported that she had been sexually abused by her paternal grandfather during visitation in Massachusetts, the mother filed a petition in Family Court seeking sole custody and suspension of visitation. Following a hearing, Family Court found the evidence insufficient to prove that the father was aware of the sexual abuse and continued joint custody while modifying the father's visitation by restricting him to unsupervised visitation in New York and directing that the child's grandfather have no contact with the child. Family Court also ordered that the child and the father participate in counseling, with the goal of restoring visitation in Massachusetts if that can be accomplished without any further harm to the child. Further, the father could petition the court for visitation in Massachusetts only if and when it is therapeutically indicated that such visitation would be appropriate. The mother appeals, arguing only that Family Court erred by impermissibly delegating its authority to decide visitation.

Inasmuch as Family Court's order does not grant the father visitation in Massachusetts and the mother does not object to the father's unsupervised visitation in New York, she cannot be considered an aggrieved party within the meaning of CPLR 5511 (see Matter of Denise JJ. v Aaron II., 278 AD2d 548, 548-549 [2000]). Moreover, because the relief of visitation in Massachusetts is contingent on events which may not come to pass, her appeal is not ripe for review (see Matter of New York State Inspection, Sec. & Law Enforcement Empls., Dist. Council 82, AFSCME, AFL-CIO v Cuomo, 64 NY2d 233, 240 [1984]; Saratoga County Chamber of Commerce v Pataki, 275 AD2d 145, 158 [2000]).

Crew III, J.P., Peters, Carpinello and Kane, JJ., concur. Ordered that the appeal is dismissed, without costs.