■ In the Matter of MEGHAN H., a Child Alleged to be Neglected. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SHERRY H., Appellant. [790 NYS2d 280]—Kane, J. Appeal from an order of the Family Court of St. Lawrence County (Potter, J.), entered January 22, 2004, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to hold respondent in willful violation of a prior order of disposition.

In 1999, Family Court adjudicated respondent's child neglected and placed her in the care of relatives. A 2002 order extending placement specifically ordered respondent to comply with the terms of an order of protection and the services recommended by petitioner as listed in the incorporated service plan. In 2003, petitioner moved to extend the child's placement and for an order finding that respondent willfully violated the terms of the 2002 order. Petitioner properly served respondent with both petitions. After a December 2003 hearing on the extension petition, at which respondent did not appear, the court extended placement until October 2004. At a January 2004 hearing on the violation petition, again without respondent's presence, the court held an inquest and determined that respondent willfully violated the prior order by failing to participate in required services, failing to meet with petitioner's caseworker and failing to keep petitioner advised of her whereabouts. The court imposed a sentence of 30 days incarceration for this violation. We dismiss respondent's appeal.

Initially, as respondent only appealed from the order addressing the violation petition, the order extending placement is not at issue. Her notice of appeal's blanket language does not include the extension order, as that was a final order which did not "necessarily affect[ ]" the violation order (CPLR 5501 [a] [1]). In any event, the extension order expired by its own terms, and the record does not indicate that any further extension has

been granted or that respondent appealed from any such extension orders, rendering any appeal from the extension order moot (*see Matter of Alexzander B.*, 287 AD2d 820, 821 [2001]).

Respondent's ineffective assistance of counsel argument is without merit. Counsel for indigent parties must be assigned on each new proceeding. The extension of placement petition commenced a separate proceeding from the one initiated by the violation petition. Accordingly, counsel assigned for the former was not automatically assigned for the latter. As respondent never appeared or requested counsel to deal with the violation petition, she had no counsel for that proceeding. The presence of her counsel for the extension proceeding at the hearing on the violation proceeding did not constitute an appearance on her behalf. Thus, respondent defaulted on the violation petition and Family Court properly rendered a determination against her. As a party cannot directly appeal an order entered on default, but must move to vacate the default before the trial court and, if necessary, appeal the order denying that motion, we dismiss this appeal (*see Matter of Ashley X.*, 200 AD2d 911 [1994]; *see also* CPLR 5511; Family Ct Act § 165).

Peters, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the appeal is dismissed, without costs.