■ In the Matter of BRIAN JJ., Appellant, v HEATHER KK., Respondent. (And 10 Other Related Proceedings.) [878 NYS2d 482]—

Stein, J. Appeal from an order of the Family Court of Chemung County (Brockway, J.), entered November 19, 2007, which, among other things, in 11 proceedings pursuant to Family Ct Act article 6, granted sole custody of Caleb JJ. to Heather KK.

Brian JJ. (hereinafter the father) and Heather KK. (hereinafter the mother) are the unwed parents of one son, Caleb JJ. (born in 2005). In January 2006, they stipulated to an order of the Tompkins County Family Court (Sherman, J.) wherein the mother and her sister would share joint legal custody of Caleb, with the sister initially having primary physical custody, but with such custody being gradually transferred to the mother, who was prohibited from removing the child from Tompkins County without a prior court order. The stipulation and order also included provisions for the father and his parents (hereinafter the grandparents)[1] to visit with the child, and required the father to complete an alcohol abuse treatment program, after which he could petition Family Court for a modification of custody without any further showing of a change in circumstances. In May 2006, the mother regained physical custody of Caleb and, without getting court permission, moved with the child to Chemung County to avail herself of the financial and emotional support and assistance of her boyfriend and his family.

In June 2006, the first two of these 11 proceedings were commenced with the filing of a petition for modification of custody by the father and a petition by the grandparents seeking temporary custody of Caleb, as the father was completing an inpatient alcohol abuse treatment program. Both petitions alleged that the child had suffered injuries while in the mother's care. The mother filed two petitions—one of which was in response to the grandparents' petition—seeking sole custody of Caleb. In September 2006, venue of the pending proceedings was transferred to Chemung County. The father then commenced two new proceedings, one for modification of the existing custody order rendered in Tompkins County and another seeking redress for the mother's alleged violation of the January 2006 order based on her move to Chemung County without

---

1. The grandparents are petitioners in three of the 11 proceedings and respondents in two of the proceedings.

prior permission of the court. Likewise, the grandparents filed an amended petition for temporary custody of Caleb.[2] In turn, the mother commenced a new proceeding seeking a delineation of the grandparents' visitation with Caleb.

After the conclusion of fact-finding hearings on all pending petitions, Family Court rendered an oral decision on the record. The court dismissed the grandparents' petitions on the basis that they had failed to show extraordinary circumstances and, therefore, did not have standing to seek custody of Caleb. As between the mother and the father, the court determined that it was in Caleb's best interests to continue to live with the mother in Chemung County and granted the mother sole custody. The court retroactively approved the mother's move to Chemung County and declined to impose any sanctions for her failure to obtain prior approval from the Tompkins County Family Court. A written order followed, awarding the father visitation. The father now appeals and we affirm.

Preliminarily, we note that, inasmuch as the father was not aggrieved by the dismissal of the grandparents' custody petitions, he lacks standing to challenge them (see CPLR 5511; D'Ambrosio v City of New York, 55 NY2d 454, 459 [1982]; Matter of Morris v Ciaramitaro, 13 AD3d 924, 924 [2004]; see also Matter of King v King, 15 AD3d 999, 1001 [2005]). The father also lacks standing to challenge the court's exclusion of certain letters written by the mother to the father as evidence offered by the grandparents and, moreover, has failed to preserve any such challenge by objecting to the court's ruling at the time it was made. In any event, his arguments in this regard are unpersuasive.

We perceive no abuse of discretion in Family Court's decision to award sole custody to the mother. In reviewing the father's petitions, Family Court followed a best interests analysis (see Friederwitzer v Friederwitzer, 55 NY2d 89, 94 [1982]; Matter of Bessette v Pelton, 29 AD3d 1085, 1087 [2006]) and properly considered, among other things, "the quality of the respective home environments" and each parent's "relative fitness and ability to provide for and guide the child's intellectual and emotional development" (Matter of Russo v Russo, 257 AD2d 926, 927 [1999]). The record reflects that the court focused primarily on the fact that the mother was providing an appropriate home for Caleb, had availed herself of a variety of services offered by the Department of Social Services—including mental

---

2. In December 2006, the father and the grandparents each filed additional petitions for temporary custody of Caleb based upon new allegations of neglect of the child by the mother.

health counseling, alcohol treatment and parenting classes— and had overcome her past problems (*see Matter of Morrow v Morrow*, 2 AD3d 1225, 1227 [2003]). Furthermore, while we do not condone the mother's move to Chemung County without prior court approval, Family Court properly considered the circumstances of that move, including the mother's valid reasons therefor and her prior notice to the father.

Family Court also properly weighed, on the other hand, the father's unwillingness to communicate with the mother, to set aside his animosity toward her and to foster her relationship with Caleb. In addition, there was a sound and substantial basis in the record for the court's determination that the father and the grandparents had relentlessly and unnecessarily subjected the mother to child abuse hotline reports and the child to photo sessions, medical office and hospital emergency room visits, all in an attempt to document the mother's alleged abuse and/or neglect of the child. Ultimately, all of the child's injuries were determined to be normal for an active toddler and the hotline reports were determined to be unfounded. Also notably, the father currently resides in a one-bedroom apartment and the grandmother testified that she believes he would need her support were he to gain custody of Caleb (*see Matter of Robinson v Cleveland*, 42 AD3d 708, 709 [2007]).

Under these circumstances, and according due deference to Family Court's credibility determinations (*see Friederwitzer v Friederwitzer*, 55 NY2d at 94; *Matter of Diffin v Towne*, 47 AD3d 988, 990 [2008], *lv denied* 10 NY3d 710 [2008]), we find that Family Court was well within its discretion in concluding that joint custody would not be in the best interests of the child and awarding sole custody to the mother (*see Matter of Lopez v Robinson*, 25 AD3d 1034, 1036-1037 [2006]; *Matter of Ruller v Berry*, 19 AD3d 814, 816 [2005], *lv denied* 6 NY3d 705 [2006]; *Reed v Reed*, 93 AD2d 105, 111-112 [1983], *appeal dismissed* 59 NY2d 761 [1983]).

We have considered the father's remaining contentions and, to the extent he has standing to raise them, we find them to be without merit.

Rose, J.P., Kane, Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.