■ In the Matter of RACHEL ANESI, Respondent, v KEVIN BRENNAN, Appellant. (And 15 Other Related Proceedings.) [906 NYS2d 124]—

Rose, J. Appeals (1) from three orders of the Family Court of Broome County (Charnetsky, J.), entered March 18, 2009, which, in 16 proceedings pursuant to Family Ct Act article 6, denied respondent's motion to rescind certain prior orders, denied respondent's motion for certain visitation, and denied respondent's motion to strike petitioner's answer to his violation petitions, and (2) from an order of said court (Lambert, J.), entered July 7, 2009, which, in 16 proceedings pursuant to Family Ct Act article 6, among other things, required the parties and their child to undergo a psychological evaluation.

A Family Court order entered in 2000 granted sole legal and physical custody of a son born in 1993 to petitioner (hereinafter the mother) with weekly visitation to respondent (hereinafter the father). In December 2008, after the father allegedly traumatized the son during a telephone conversation, the son refused to visit with him any further and the mother filed a petition seeking to modify the 2000 order by terminating the father's visitation. In response, the father filed numerous petitions alleging violations of the prior order's visitation provisions. By orders entered March 18, 2009, Family Court (Charnetsky, J.) denied certain motions made by the father but did not dismiss his petitions. When Family Court (Lambert, J.) later held a hearing on both parties' petitions, the father failed to appear and the court dismissed his petitions for failure to prosecute. Based upon the mother's undisputed testimony as to the conflict between the son and the father, Family Court issued an order, entered July 7, 2009, that continued sole custody with the mother but acknowledged the father's right to visitation upon reapplication. The order also directed the father to obtain and provide the court with an independent mental health evaluation of the parties and their son to assist the court in determining whether preparational therapy would foster future visitation. The father appeals the three orders entered in March 2009 and the order entered in July 2009.*

While those appeals were pending, Family Court issued another order, entered April 12, 2010, that modified its July 7, 2009 order by relieving the father from the requirement that he obtain and provide the independent psychological evaluation. Instead, the modified order directed that the evaluation be conducted at public expense, and that the evaluator provide a report to the court and the parties. The father has filed a notice of appeal from that order, but the appeal has not yet been perfected. Since the new order does not differ materially from the prior order, however, we will treat his perfected appeal as taken from both orders in the interest of judicial economy (see CPLR 5520 [c]; Matter of Scala v Tefft, 42 AD3d 689, 691 n [2007]; Matter of Wayne M. v Francis N., 154 AD2d 837, 839 [1989]).

Contrary to the father's contention, Family Court did not expressly modify or terminate his visitation rights under the 2000 custody order. Rather, the court dismissed his petitions due to his failure to prosecute them and acknowledged his right

* Inasmuch as the father raises no issues in his brief regarding the March 18, 2009 orders, he has abandoned those appeals (see Matter of Eck v Eck, 57 AD3d 1251, 1252 n 2 [2008]).

to seek enforcement of visitation upon an appropriate future application. Accordingly, he is not an aggrieved party and he cannot pursue an appeal from that aspect of the order (*see* CPLR 5511; *Matter of Carol YY. v James OO.*, 68 AD3d 1463 [2009]; *Matter of Brian JJ. v Heather KK.*, 61 AD3d 1285, 1287 [2009]; *Matter of Morris v Ciaramitaro*, 13 AD3d 924 [2004]). As for the father's contention that the July 7, 2009 order is improper because it places the burden upon him to obtain a mental health evaluation before he may seek to enforce visitation, any such error was rectified in the new order which now places the burden of performing the evaluation and providing a report on the Broome County Mental Health Forensics Unit (*see Matter of Armstrong v Heilker*, 47 AD3d 1104, 1105-1106 [2008]; *see also Matter of Marchand v Nazzaro*, 55 AD3d 968, 969 [2008]).

Peters, J.P., Lahtinen, McCarthy and Egan Jr., JJ., concur. Ordered that the orders entered March 18, 2009 are affirmed, without costs. Ordered that the appeal from the order entered July 7, 2009 is dismissed, without costs.

