■ In the Matter of ARIANE I., Appellant, v DAVID I., Respondent. (And Two Other Related Proceedings.) [919 NYS2d 252]—

Rose, J.

Ariane I. (hereinafter the mother) and David I. (hereinafter the father) are the married parents of two sons (born in 2005 and 2007). The mother left the marital residence in August 2009 with the children and obtained a temporary order of protection against the father, which also provided for the father's visitation with the children at least three times a week, to be arranged by the mother and paternal grandmother (hereinafter the grandmother). The mother also filed family offense and custody petitions and then moved with the children to Texas without the father's consent. The father then filed a petition for custody and the grandmother filed a separate petition that ultimately sought visitation. Prior to the April 2010 hearing on

these matters, all of the mother's petitions were dismissed, except for one custody petition. When the mother failed to appear at the April hearing, her petition was dismissed without prejudice. The mother's counsel was present, however, and he participated in the hearings on the father's and grandmother's petitions. Family Court ordered that the children be returned to Broome County, awarded joint custody with shared custodial periods and granted visitation to the grandmother. The mother appeals.

Initially, we note that the mother's appeal from the dismissal of her custody petition must be dismissed as no appeal lies from an order on default (see CPLR 5511; Matter of Anesi v Brennan, 75 AD3d 791, 792-793 [2010]).* The mother's contention that she should not have been found in default and, instead, that she should have been granted an adjournment is without merit as no reasonable excuse was proffered for her nonappearance (see Matter of Scott v Jenkins, 62 AD3d 1053, 1054 [2009], lv denied 13 NY3d 705 [2009]; Matter of Hill v Hillenbrand, 12 AD3d 980, 981 [2004], lv denied 4 NY3d 705 [2005]). Family Court's determination that the mother's alleged financial inability to appear was caused by her voluntary removal of the children to a distant locale without first obtaining the permission of the court will not be disturbed.

In making any custody determination, the primary concern is the best interests of the children (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]; Matter of Melissa K. v Brian K., 72 AD3d 1129, 1131 [2010]). Here, the record reveals that the mother was the primary caregiver but that the father had a close bond with the children. The children also had almost daily contact with the father's parents until the mother moved them to Texas to live with her parents, with whom the children had no prior relationship. Given the circumstances, Family Court's determination that it was in the best interests of the children to award joint custody and to direct that the children reside in Broome County has a sound and substantial basis in the record (see Matter of Streid v Streid, 46 AD3d 1155, 1157 [2007]; Matter of Meres v Botsch, 260 AD3d 757, 759 [1999]).

The mother does not contest the award of visitation to the grandmother. Instead, she contends that Family Court should have directed that the visitation time be taken from, and occur

---

* The mother's claims regarding the dismissal of her family offense petition and the custody petition she filed after the hearings in these proceedings are not properly before us as she did not file a notice of appeal from either order (see Family Court Act § 1115; Matter of Thomas v Osborne, 51 AD3d 1064, 1068 [2008]; Matter of Houck v Garraway, 293 AD2d 782, 783 n 2 [2002]).

during, the father's custodial periods. Based on our review of the record and the mother's concession that visitation with the grandmother is in the children's best interests, we cannot agree that the court abused its discretion in granting visitation as ordered (*see Matter of Baker v Blanchard*, 74 AD3d 1427, 1429 [2010]; *Matter of Kenyon v Kenyon*, 251 AD2d 763, 764 [1998]).

We also reject the mother's claim of ineffective assistance of counsel. Counsel repeatedly attempted to explain the mother's absences from court, made appropriate prehearing motions, sought adjournments on the mother's behalf and participated in the hearing by cross-examining the witnesses and making appropriate objections. Given the circumstances, the mother received meaningful representation (*see Matter of Lewis v Tomeo*, 81 AD3d 1193, 1197 [2011]; *Matter of Arieda v Arieda-Walek*, 74 AD3d 1432, 1434 [2010]). We have considered the mother's remaining contentions and find them to be without merit.

Mercure, J.P., McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.