*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 22, 2015                516023
_____

In the Matter of JOSEPH A.
    et al.,
                    Petitioners,

        v

LAURIE J.,
                    Appellant,

        and                           MEMORANDUM AND ORDER

BROOME COUNTY DEPARTMENT OF
    SOCIAL SERVICES,
                    Respondent,
                    et al.,
                    Respondent.

(And Four Other Related Proceedings.)
_____

Calendar Date:  November 12, 2014

Before:  Peters, P.J., Lahtinen, Garry, Rose and Lynch, JJ.

_____

        Samuel D. Castellino, Big Flats, for appellant.

        Kuredin V. Eytina, Broome County Department of Social
Services, Binghamton, for Broome County Department of Social
Services, respondent.

        Carman M. Garufi, Binghamton, attorney for the children.

_____

Garry, J.

Appeal from an order of the Family Court of Broome County (Connerton, J.), entered December 5, 2012, which, among other things, dismissed petitioners' applications, in five proceedings pursuant to Family Ct Act article 6, for custody of the subject children.

Respondent Laurie J. (hereinafter the mother) is the mother of three children who are the subjects of this appeal. In October 2010, Family Court found that the mother had neglected the subject children and her four other children, and this Court affirmed that order (Matter of Alyson J. [Laurie J.], 88 AD3d 1201 [2011], lv denied 18 NY3d 803 [2012]). In April 2012, the permanency plan, which had previously been to reunify the children with the mother, was changed to free them for adoption. Petitioners (hereinafter the grandparents) then commenced proceedings pursuant to Family Ct Act article 6 seeking custody of the children, and respondent Broome County Department of Social Services opposed this relief. Following a fact-finding hearing, Family Court dismissed the grandparents' custody petitions. The mother appeals.

The appeal must be dismissed, as the mother is not aggrieved by Family Court's order (see CPLR 5511). The mother was not the children's custodial parent, and the dismissal of the grandparents' custody petitions neither altered this circumstance nor otherwise affected her legal rights or direct interests. Thus, she does not have standing to pursue this appeal (see Matter of Valenson v Kenyon, 80 AD3d 799, 799 [2011]; Matter of Carol YY. v James OO., 68 AD3d 1463, 1463 [2009]; Matter of Brian JJ. v Heather KK., 61 AD3d 1285, 1287 [2009]).

Peters, P.J., Lahtinen, Rose and Lynch, JJ., concur.

ORDERED that the appeal is dismissed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court