■ In the Matter of DARYL RICHARDSON, Appellant, v SONYA FITCH-RICHARDSON, Respondent. [22 NYS3d 917]—

Lynch, J. Appeal from an order of the Family Court of Chemung County (Morris, J.H.O.), entered October 9, 2014, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' children.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of four children (born in 2001, 2003, 2010 and 2013). In August 2013, the father filed a petition for custody and visitation contending that the mother and children had relocated to Virginia weeks earlier without his permission. Following an initial appearance in October 2013, Family Court issued several orders permitting the father to have reasonable telephone contact and requiring the mother to bring the children to New York for parenting time with the father. On January 7, 2014, with the parties present, the court issued an order scheduling a trial and a *Lincoln* hearing. During this proceeding, the court cautioned the parties that the trial would go forward even in their absence.

In June 2014, Family Court issued a notice to appear for a fact-finding hearing in September 2014. The record indicates that the notice was mailed to the father at his residence address listed in the petition and was separately emailed to counsel for the parties and the attorney for the children. The father failed to appear at the fact-finding hearing. His counsel appeared but was unable to account for his absence, explaining that she had not heard from him "since June." The mother and the attorney for the children requested a default judgment. In response, the father's counsel offered a perfunctory objection, but she made no request for an adjournment. After hearing limited testimony from the mother explaining that she had lived with the children in Virginia since July 2013, the court awarded sole custody of the children to the mother, approved her relocation of the children to Virginia and relinquished jurisdiction under Domestic Relations Law § 76-f. The father now appeals.

Given the above, we conclude that Family Court properly deemed the father to be in default, notwithstanding the appearance of counsel on his behalf (*see Matter of Deshane v Deshane*, 123 AD3d 1243, 1244 [2014], *lv denied* 25 NY3d 901 [2015]; *Matter of Scott KK. v Patricia LL.*, 110 AD3d 1260 [2013], *lv dismissed and denied* 22 NY3d 1054 [2014]). Having defaulted, the father was precluded from appealing the resulting order and his sole remedy was to move to vacate that order (*see Matter of Deshane v Deshane*, 123 AD3d at 1244; *Matter of Susan UU. v Scott VV.*, 119 AD3d 1117, 1118 [2014]; *Matter of Scott KK. v Patricia LL.*, 110 AD3d at 1261). As such, the appeal must be dismissed and, therefore, the merits of the appeal are not before us.

Lahtinen, J.P., McCarthy, Egan Jr. and Clark, JJ., concur. Ordered that the appeal is dismissed, without costs.