■ In the Matter of CLINT L. LINGER, Respondent, v KIRSTEN R. LINGER, Appellant. [55 NYS3d 760]—

Garry, J. Appeal from an order of the Family Court of Chenango County (Revoir Jr., J.), entered May 3, 2016, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of one child (born in 2005). In January 2016, the parties consented to an order by which they shared joint legal custody and the mother had primary physical custody. In February 2016, with the father's consent, the mother relocated with the child to South Carolina. In April 2016, the father moved by order to show cause for an order granting him temporary physical custody of the child, on the ground that the mother had relocated again to Florida and had left the child in South Carolina in the care of her paramour, who had then sent the child to New York to live with the father. Family Court signed an amended order to show cause that awarded temporary physical custody to the father pending resolution of the matter, and scheduled a return date for an appearance. Upon that date, the mother did not appear, but counsel appeared on her behalf. Family Court declared the mother in default and issued a final order of custody that awarded primary physical placement of the child to the father and provided parenting time to the mother as agreed upon between the parties. The mother appeals.

In the circumstances presented, the mother was not required to seek to vacate the default judgment before taking this appeal. A party may not appeal from an order entered on default (*see* CPLR 5511), but a party's absence does not necessarily constitute a default, "particularly where counsel appears upon the absent party's behalf and offers an explanation for his or her failure to attend" (*Matter of Derek P. v Doris Q.*, 92 AD3d 1103, 1105 [2012], *lv dismissed and denied* 19 NY3d 831 [2012]; *see Matter of Freedman v Horike*, 107 AD3d 1332, 1333 [2013]; *Matter of Scott v Jenkins*, 62 AD3d 1053, 1054 [2009], *lv denied* 13 NY3d 705 [2009]). Here, the mother's counsel appeared and advised Family Court that he had communicated with the mother several times by phone and email, that she was then at a considerable distance in either Florida or South Carolina, and that she had a limited income. The mother's counsel further advised the court relative to the mother's position in the matter and participated in the proceedings by consenting to the requested relief, that is, to permit the child to remain temporarily with the father. Counsel also unsuccessfully requested a continuance, and ultimately advised that he did not have authority to consent to a final order of permanent physical placement to the father. In light of these circumstances, we find that the mother was not in default and that the order is appealable (*see Matter of Harris-Wilks v Harris*, 56 AD3d 1063, 1063-1064 [2008]; *Matter of D'Entremont v D'Entremont*, 254 AD2d 576, 576 [1998]; *compare Matter of Adele T. [Kassandra T.]*, 143 AD3d 1202, 1203-1204 [2016]; *Matter of Deshane v Deshane*, 123 AD3d 1243, 1243-1244 [2014], *lv denied* 25 NY3d 901 [2015]).

Most critically, the father's order to show cause requested only limited relief: temporary physical placement, permission to enroll the child in school in New York, and a prohibition against removal from this state, with any other issues to be scheduled for further proceedings. It does not appear from the record that any petition for modification of the prior order had been filed prior to the appearance. The issue of permanent physical placement was not properly before Family Court, and the mother had no notice that this issue might be decided. Thus, the manner in which the proceedings were conducted deprived the mother of due process; she must be allowed a full and fair opportunity to be heard, at a hearing upon a request for permanent physical placement (*see Matter of Schroll v Wright*, 135 AD3d 1028, 1029 [2016]; *Matter of Richardson v Massey*, 127 AD3d 1277, 1278 [2015]; *Matter of Jeffrey JJ. v Stephanie KK.*, 88 AD3d 1083, 1084 [2011]). Accordingly, the award of permanent physical placement to the father must be

reversed, and the matter remitted for further proceedings. Pending the parties' further appearance in Family Court, physical placement shall remain temporarily with the father, and the other terms of the May 3, 2016 order shall remain in place.

McCarthy, J.P., Egan Jr., Rose and Mulvey, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as awarded permanent physical custody of the child to petitioner; matter remitted to the Family Court of Chenango County for further proceedings not inconsistent with this Court's decision and, pending said proceedings, temporary physical placement of the child shall remain with petitioner; and, as so modified, affirmed.