■ In the Matter of JESSE DD., Appellant, v ARIANNA EE., Respondent, and STACEY EE. et al., Respondents. (Proceeding No. 1.) In the Matter of STACEY EE., Respondent, v JESSE DD., Appellant. (Proceeding No. 2.) [54 NYS3d 733]—

Aarons, J. Appeals (1) from an order of the Family Court of Madison County (McDermott, J.), entered December 14, 2015, which, in proceeding No. 1 pursuant to Family Ct Act article 6, granted a motion by respondents Stacey EE. and Thomas EE. to dismiss the petition against them, and (2) from an order of said court, entered December 14, 2015, which, in proceeding No. 2 pursuant to Family Ct Act article 8, granted petitioner a temporary order of protection.

Jesse DD. (hereinafter the father) and Arianna EE. (hereinafter the mother) are the unmarried parents of a daughter (born in 2012). Pursuant to an order entered on their consent, physical custody of the child was given to Stacey EE. and Thomas EE., the maternal grandparents (hereinafter the grandparents). In December 2014, the father commenced the first of these proceedings by filing a modification petition seeking regular visitation with the child. In January 2015, the grandparents filed a family offense petition against the father and a temporary order of protection was subsequently issued against him. After a hearing in June 2015, the temporary order of protection was amended and a temporary order granting the father supervised visitation with the child was entered. At a scheduled November 2015 hearing, the father failed to appear and the grandparents moved to dismiss the father's modification petition for failure to prosecute. In December

2015, Family Court thereafter entered two separate orders on default—one dismissing the father's petition and vacating the temporary order of visitation and another one continuing the amended temporary order of protection until it expired. These appeals by the father ensued.

At the November 2015 hearing, the father's counsel explained that he just had a conference with the father in August 2015 and sent him appointment letters, but he had "no idea where he [was]" and that he "seems to have disappeared." The father's counsel further stated that he was unable to take a position on whether the petition should be dismissed. Under these circumstances, even though the father's counsel appeared, we find no error in Family Court's determination that the father was in default (see Matter of Richardson v Fitch-Richardson, 135 AD3d 1091, 1092 [2016]; Matter of Derek P. v Doris Q., 92 AD3d 1103, 1105 [2012], lv dismissed and denied 19 NY3d 831 [2012]; Matter of Scott v Jenkins, 62 AD3d 1053, 1054 [2009], lv denied 13 NY3d 705 [2009]). Because no appeal lies from an order entered on default, the father's appeal from the December 2015 order that dismissed his petition and vacated the temporary order of visitation in the first proceeding must be dismissed (see Matter of Adele T. [Kassandra T.], 143 AD3d 1202, 1204 [2016]; Matter of Ariane I. v David I., 82 AD3d 1547, 1548 [2011], lv denied 17 NY3d 703 [2011]; Matter of Meghan H., 15 AD3d 802, 803 [2005], lv dismissed 4 NY3d 845 [2005]). We note that the proper procedure would be for the father to move to vacate the default and, if said motion is denied, take an appeal from that order (see Matter of Adele T. [Kassandra T.], 143 AD3d at 1204; Matter of Myasia QQ. [Mahalia QQ.], 133 AD3d 1055, 1056 [2015]).

Regarding the December 2015 order in the second proceeding that continued the amended temporary order of protection, because the underlying order of protection has already expired under its own terms, the appeal from that order must be dismissed as moot (see Matter of Tim BB. v Malcolm AA., 137 AD3d 1433, 1434 [2016]). The father's remaining claim of ineffective assistance of counsel is not properly before us.

Peters, P.J., Garry, Devine and Mulvey, JJ., concur. Ordered that the appeals are dismissed, without costs.