Matter of Ruiz v Gonzalez (2018 NY Slip Op 07994)





Matter of Ruiz v Gonzalez


2018 NY Slip Op 07994


Decided on November 21, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 21, 2018

526081

[*1]In the Matter of EFRAIN RUIZ, Respondent,
v
GARI L. GONZALEZ, Appellant.

Calendar Date: October 15, 2018

Before: McCarthy, J.P., Egan Jr., Devine, Clark and Aarons, JJ.


Theodore J. Stein, Woodstock, for appellant.
Betty J. Potenza, Highland, for respondent.
Claudia S. Davenport, Kingston, attorney for the children.



MEMORANDUM AND ORDER
McCarthy, J.P.
Appeal from an order of the Family Court of Ulster County (McGinty, J.), entered December 8, 2017, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' children.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the unmarried parents of two children (born in 2003 and 2004). The mother filed a petition seeking custody and the father filed a cross petition also seeking custody. Both parties appeared at two initial appearances, but the mother then failed to appear for a scheduled conference. Her counsel was present but was unable to account for the mother's absence and, although counsel asked for an order of joint custody, she did not request an adjournment. Upon request of the father and the attorney for the children, Family Court orally dismissed the mother's petition due to her failure to appear and prosecute it. The court then held an inquest on the father's petition, found that the mother's failure to appear constituted a default, and awarded the father sole legal and physical custody, with visitation to the mother as agreed upon by the parties. The mother appeals from the order granting the father's petition.
Family Court did not err in deeming the mother to be in default, even though counsel appeared on her behalf, as the record contains no reasonable excuse for her nonappearance (see [*2]Matter of Richardson v Fitch-Richardson, 135 AD3d 1091, 1092 [2016]; Matter of Ariane I. v David I., 82 AD3d 1547, 1548 [2011], lv denied 17 NY3d 703 [2011]). The appropriate procedure for the mother to challenge the default order would have been for her to move in Family Court, pursuant to CPLR 5015 (a), "to vacate the default and, if said motion [were] denied, take an appeal from that order" (Matter of Jesse DD. v Arianna EE., 150 AD3d 1426, 1427 [2017]; see Matter of Deshane v Deshane, 123 AD3d 1243, 1244 [2014], lv denied 25 NY3d 901 [2015]). "Because no appeal lies from an order entered on default," we dismiss the mother's appeal (Matter of Jesse DD. v Arianna EE., 150 AD3d 1426 at 1427; see Matter of Richardson v Fitch-Richardson, 135 AD3d at 1092; Matter of Thorsland v Ray, 45 AD3d 1119, 1119 [2007]; see also CPLR 5511).
Egan Jr., Devine, Clark and Aarons, JJ., concur.
ORDERED that the appeal is dismissed, without costs.