Matter of Ulster County Support Collection Unit v Beke (2019 NY Slip Op 01864)





Matter of Ulster County Support Collection Unit v Beke


2019 NY Slip Op 01864


Decided on March 14, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 14, 2019

525933

[*1]In the Matter of ULSTER COUNTY SUPPORT COLLECTION UNIT, on Behalf of ANNAMARIA BEKE, Respondent,
v
IMRE ARPAD BEKE JR., Appellant.

Calendar Date: January 11, 2019

Before: Lynch, J.P., Clark, Mulvey, Devine and Aarons, JJ.


Geanine Towers, New York City, for appellant.
Daniel Gartenstein, Ulster County Department of Social Services, Kingston, for respondent.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from an order of the Family Court of Ulster County (Savona, J.), entered October 17, 2017, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior order of support.
Respondent lives in Florida and has four children who live with their mother in Ulster County. In 2014, Family Court entered an order on consent requiring respondent to pay child support. Petitioner filed a violation petition alleging that respondent willfully failed to obey the 2014 order. Respondent appeared by telephone before the Support Magistrate for arraignment, an appearance and a hearing, following which the Support Magistrate concluded that respondent had willfully violated the support order and recommended that he be incarcerated. The matter was referred to Family Court for confirmation. Respondent requested permission to give electronic testimony. Family Court denied that application both in writing and orally and directed, on the record, that respondent must appear in person for the hearing. When respondent did not appear, the court conducted the hearing in his absence, found that he willfully violated the support order and committed him to jail for 180 days. Respondent appeals.
Family Court properly found respondent in default [FN1]. Although respondent's counsel appeared and offered the explanation that respondent could not afford to travel to New York, the court had already heard and rejected that excuse in connection with respondent's application to give electronic testimony and directed him to appear in person for the hearing. When respondent failed to do so, the court did not abuse its discretion by finding him in default (compare Matter of Linger v Linger, 150 AD3d 1444, 1445 [2017]). "[T]he proper procedure would be for [respondent] to move to vacate the default and, if said motion is denied, take an appeal from that order" (Matter of Jesse DD. v Arianna EE., 150 AD3d 1426, 1427 [2017]; accord Matter of Ruiz v Gonzalez, 166 AD3d 1353, 1353 [2018])[FN2]. Because no appeal lies from an order entered on default, we must dismiss this appeal (see Matter of Ruiz v Gonzalez, 166 AD3d at 1353; Matter of Jesse DD. v Arianna EE., 150 AD3d at 1427).
Clark, Devine and Aarons, JJ., concur.




Lynch, J.P. (dissenting).


I respectfully dissent. In my view, the appearance by respondent's counsel at the October 12, 2017 confirmation hearing and explanation for respondent's financial inability to attend, coupled with a request for an adjournment, does not constitute a default (see Matter of Linger v Linger, 150 AD3d 1444, 1445 [2017]; compare Matter of Richardson v Fitch-Richardson, 135 AD3d 1091, 1092 [2016] [default where counsel unable to account for client's absence and made no request for adjournment]; Matter of Deshane v Deshane, 123 AD3d 1243, 1244 [2014], lv denied 25 NY3d 901 [2015] [counsel provided no explanation for client's absence]). As such, the order is appealable. The record shows that respondent, who lived in Florida, was allowed to appear by telephone at three consecutive appearances before the Support Magistrate, including the May 10, 2017 hearing where respondent testified as to his indigency. Notably, respondent had been found eligible for and was represented by the Public Defender at the hearing. The Support Magistrate found that respondent willfully failed to comply with the July 2014 support order and recommended a period of six months of incarceration. Prior to the confirmation appearance before Family Court, respondent again applied for permission to appear by telephone, citing his continuing financial inability to travel to New York. The request was denied by court staff, apparently due to a handwritten notation from a different Family Court Judge stating that "he must appear — on for trial." At an appearance on August 4, 2017, attended by respondent's counsel, Family Court again denied respondent's request for permission to appear [*2]by telephone, citing to the previous judge's ruling noted above. The court did adjourn the matter, which resumed on October 12, 2017.
Pursuant to Family Ct Act § 433 (c), the court is authorized to permit a party to appear by telephone in a support proceeding. What is troubling here is the court notation recited above, suggesting that respondent's personal appearance at trial was mandatory. This premise is at odds with the court's discretionary authority provided by the statute. Further, it is difficult to correlate allowing respondent to appear by telephone throughout the proceedings before the Support Magistrate, but not before Family Court. Respondent testified to his limited finances, and counsel reiterated that respondent remained financially unable to travel to New York. In my view, given these circumstances, the court abused its discretion in denying respondent's request to appear by telephone. As a matter of due process, the matter should be remitted to the Ulster County Family Court for a new hearing (see Matter of Linger v Linger, 150 AD3d at 1445).
ORDERED that the appeal is dismissed, without costs.



Footnotes

Footnote 1: Although respondent contends that Family Court violated his rights and Family Ct Act § 580-316 (f) by denying his request to appear and testify by telephone, he relies on a portion of the Uniform Interstate Family Support Act, which is not applicable to this proceeding involving a New York order concerning current or former New York residents (see Family Ct Act art 5-B). Rather, pursuant to Family Ct Act § 433 (c) (i), Family Court had discretion to determine whether to permit respondent to testify by telephone (see Merril Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Family Ct Act § 433; see also Matter of Neamiah Harry-Ray M. [Donna Marie M.], 127 AD3d 409, 410 [2015]).

Footnote 2: The dissent's primary concern is with Family Court's determination that respondent appear in person despite his limited financial ability. Respondent could have moved to vacate his default based on his inability to appear, thereby challenging the court's ruling in this regard, and, if that motion was denied, appeal from that order. Although that ruling is not before us, we disagree with the dissent's characterization that the court denied respondent's application to appear by telephone based merely on another judge's note, as opposed to having independently exercised its discretion. We also have no difficulty correlating the decision to refuse telephonic appearance before Family Court with the previous permission to so appear before the Support Magistrate. Indeed, by the time the matter reached Family Court, the Support Magistrate had already held that respondent willfully failed to comply with a support order (indicating that he was capable of earning money to pay support and, presumably, for travel expenses to appear in court) and recommended that he be incarcerated; Family Court could have reasonably concluded that respondent's presence in court in New York, rather than in Florida, would facilitate enforcement of an order requiring his incarceration, as had been recommended.