Matter of Ulster County Support Collection Unit v Dunn (2019 NY Slip Op 05362)





Matter of Ulster County Support Collection Unit v Dunn


2019 NY Slip Op 05362


Decided on July 3, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 3, 2019

527250

[*1]In the Matter of ULSTER COUNTY SUPPORT COLLECTION UNIT, on Behalf of MARIETTA TRIMBLE, Respondent,
v
FRANCIS W. DUNN JR., Appellant.

Calendar Date: May 28, 2019

Before: Egan Jr., J.P., Lynch, Clark, Devine and Pritzker, JJ.


Ivy M. Schildkraut, Rock Hill, for appellant.
Ulster County Department of Social Services, Kingston (Daniel Gartenstein of counsel), for respondent.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from an order of the Family Court of Ulster County (Savona, J.), entered July 12, 2018, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior order of support.
Respondent has two children that reside with their mother in Ulster County. In 2017, Family Court entered an adjusted order of child support requiring respondent to pay $75 per week. In April 2018, on behalf of the mother, petitioner filed a violation petition alleging that respondent willfully failed to obey the 2017 support order. The Support Magistrate conducted a hearing in respondent's absence and concluded, on default, that respondent had willfully violated the support order, entered a money judgment for the arrears due and recommended that respondent be incarcerated for six months. The matter was then referred to Family Court for confirmation and, after respondent failed to appear at the initial appearance, the court issued a warrant for his arrest, setting bail in the amount of the total arrears due, which was approximately $48,000.
Respondent was thereafter arrested on the warrant and brought before Family Court for an initial appearance. The court advised respondent of his right to obtain counsel, explained the Support Magistrate's recommendation and scheduled the confirmation hearing to be held six days later. The court subsequently remanded respondent but, upon respondent's payment of bail, he was released. Respondent then failed to appear at the confirmation hearing, despite the presence of his attorney. His attorney requested an adjournment because respondent informed her that he was unaware of the court date, as he believed he would be receiving notice by mail, but he was allegedly on his way to court. The court denied the request, noting that it was 50 minutes past the scheduling hearing time, and proceeded with the confirmation hearing in respondent's absence, finding respondent in default and immediately commencing an inquest. Petitioner [*2]presented its case and respondent's counsel declined to cross-examine the sole witness, instead informing the court that respondent recently became employed, was prepared to make a payment and requested that the court allow respondent to begin making payments rather than sentence him to incarceration. The court denied the request and found that respondent had repeatedly failed to appear, owed almost $50,000 in arrears and had failed to provide the court with a reasonable explanation for his failure to pay. The court then confirmed the Support Magistrate's finding of willfulness and sentenced respondent to six months in jail, setting a purge amount of $10,000. Respondent appeals.
Contrary to respondent's contention, Family Court properly found that respondent was in default (see Matter of Ulster County Support Collection Unit v Beke, 170 AD3d 1347, 1347 [2019]; compare Matter of Linger v Linger, 150 AD3d 1444, 1445 [2017]). Although respondent's attorney appeared and explained to the court that respondent was on his way to court and was unaware of the confirmation hearing date, the court had already informed respondent, on the record only six days prior, of the date and time of the confirmation hearing and noted that it provided respondent with an adjournment notice slip. Accordingly, it was not an abuse of direction for the court to find respondent in default (see Matter of Ulster County Support Collection Unit v Beke, 170 AD3d at 1347-1348; Matter of Ruiz v Gonzalez, 166 AD3d 1353, 1353 [2018]). "Because no appeal lies from an order entered on default, we must dismiss this appeal" (Matter of Ulster County Support Collection Unit v Beke, 170 AD3d at 1348; see Matter of Ruiz v Gonzalez, 166 AD3d at 1353). "We note that the proper procedure would be for [respondent] to move to vacate the default and, if said motion [were] denied, take an appeal from that order" (Matter of Jesse DD. v Arianna EE., 150 AD3d 1426, 1427 [2017] [citations omitted]; accord Matter of Ruiz v Gonzalez, 166 AD3d at 1353).
Respondent's remaining contention lacks merit.
Egan Jr., J.P., Lynch, Clark and Devine, JJ., concur.
ORDERED that the appeal is dismissed, without costs.