Matter of Cheryle HH. v Benjamin II. (2019 NY Slip Op 05354)





Matter of Cheryle HH. v Benjamin II.


2019 NY Slip Op 05354


Decided on July 3, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 3, 2019

526495

[*1]In the Matter of CHERYLE HH., Respondent,
v
BENJAMIN II., Appellant, and LaTASHA II., Respondent.

Calendar Date: June 6, 2019

Before: Garry, P.J., Egan Jr., Clark, Devine and Pritzker, JJ.


Lisa K. Miller, McGraw, for appellant.
Tracy Steeves, Kingston, for Cheryle HH., respondent.
Karen A. Leahy, Cortland, for LaTasha II., respondent.
Larisa Obolensky, Delhi, attorney for the children.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from an order of the Family Court of Delaware County (Rosa, J.), entered March 12, 2018, which partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for visitation with respondents' children.
Respondent Benjamin II. (hereinafter the father) and respondent LaTasha II. (hereinafter the mother) are the parents of two children (born in 2010 and 2011). Petitioner (hereinafter the grandmother) is the children's paternal grandmother. The father is serving a 12-year prison sentence. The mother and the children visited the grandmother until May 2016 when the mother cut off contact with the grandmother. As a result, the grandmother filed a petition seeking custody and visitation with the children. Following a hearing, Family Court partially granted the grandmother's petition by awarding her supervised visitation with the children once a month for two hours. The father appeals.
Because the father was not aggrieved by Family Court's order, the appeal must be dismissed (see CPLR 5511). "To be aggrieved, a party must have a direct interest in the matter at issue that is affected by the result, and the adjudication must have binding force against the party's rights, person or property" (Matter of Valenson v Kenyon, 80 AD3d 799, 799 [2011] [citation omitted]; see D'Ambrosio v City of New York, 55 NY2d 454, 459-460 [1982]). The father was not the children's custodial parent, and the award of visitation to the grandmother neither altered these circumstances nor otherwise affected his legal rights or direct interests. Although the father was a party to this proceeding, he did not seek any affirmative relief from Family Court and, accordingly, he lacks standing to pursue the appeal (see CPLR 5511; Matter of [*2]Joseph A. v Laurie J., 124 AD3d 1090, 1090-1091 [2015]; Matter of Valenson v Kenyon, 80 AD3d at 799).
Garry, P.J., Egan Jr., Clark and Devine, JJ., concur.
ORDERED that the appeal is dismissed, without costs.