Matter of Nicole TT. v Rickie UU. (2019 NY Slip Op 05599)





Matter of Nicole TT. v Rickie UU.


2019 NY Slip Op 05599


Decided on July 11, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 11, 2019

525877

[*1]In the Matter of NICOLE TT., Respondent,
v
RICKIE UU., Respondent, and BRIDGET VV., Appellant. (And Another Related Proceeding.)

Calendar Date: May 31, 2019

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Pritzker, JJ.


Tracey A. Brown, Delmar, for appellant.
Donnellan & Knussman, PLLC, Ballston Spa (Sarah I. Wood of counsel), for Nicole TT., respondent.
John J. LaBoda Jr., Saratoga Springs, attorney for the children.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from an order of the Family Court of Saratoga County (Jensen, J.), entered August 23, 2017, which granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.
Respondent Rickie UU. (hereinafter the father) and respondent Bridget VV. (hereinafter the mother) are the parents of two children (born in 2015 and 2016). Petitioner (hereinafter the aunt) filed petitions pursuant to Family Ct Act article 6, as well as the Uniform Child Custody Jurisdiction and Enforcement Act, seeking sole legal custody of both children. Family Court, among other things, found the mother in default, awarded the aunt sole legal and physical custody and vacated all prior orders relative to the children, without prejudice to the mother. The mother appeals.
We dismiss the appeal. CPLR 5511 states that "[a]n aggrieved party . . . may appeal from any appealable judgment or order except one entered upon the default of the aggrieved party" (see Matter of Ruiz v Gonzalez, 166 AD3d 1353, 1353-1354 [2018]; Matter of Linger v Linger, 150 AD3d 1444, 1445 [2017]). An affidavit of service establishes that the mother was personally served with not only an order to show cause, summons and custody petition, but also with an application for electronic testimony and waiver of physical presence, yet she failed to [*2]appear, file the enclosed application or otherwise contact Family Court [FN1]. The record indicates that, on a prior petition, the mother had appeared telephonically, indicating her understanding of that option and how to exercise it. "Because no appeal lies from an order entered on default, we dismiss the mother's appeal" (Matter of Ruiz v Gonzalez, 166 AD3d at 1353 [internal quotation marks and citations omitted]; see Matter of Belinda OO., 210 AD2d 853, 853 [1994]). The proper procedure for the mother to challenge the default order would be to move in Family Court, pursuant to CPLR 5015 (a), to vacate the default and, if unsuccessful, appeal from the order of denial (see Matter of Ruiz v Gonzalez, 166 AD3d at 1353).
Garry, P.J., Egan Jr., Lynch and Pritzker, JJ., concur.
ORDERED that the appeal is dismissed, without costs.



Footnotes

Footnote 1: We reject the mother's argument that she was denied due process because Family Court did not advise her of her right to counsel; such advisement was not possible where the mother failed to appear in court (see Family Ct Act § 262 [a] [requiring such advisement "(w)hen (a) person first appears in court"]).